■ DOROTHY MAULE, Respondent-Appellant, v. MURRAY J. KAUFMAN, Appellant-Respondent.— Judgment, Supreme Court, New York County, entered on May 1, 1972, directing that plaintiff recover arrearages for unpaid child support in the amount of $12,775 (representing weekly support payments accruing pursuant to the Florida judgment of divorce for the period of July 20, 1961 through July 29, 1968) in addition to counsel fees of $1,500, is unanimously reversed, on the law and the facts, without costs and without disbursements, and the complaint dismissed. Plaintiff's cross-appeal from the judgment insofar as it failed to award statutory interest is dismissed as moot. It appears that during the long period of years for which plaintiff seeks to recover arrearages of support payments, she and her second husband voluntarily and continuously provided for the support and maintenance of the child. Where a child has been adequately supported by a third person or by the mother herself without expectation of reimbursement, the father's obligation as measured by a judgment directing him to pay child support is considered satisfied. (See *Silkworth* v. *Silkworth*, 255 App. Div. 226; *Smith* v. *Smith*, 255 App. Div. 652.) As stated in the leading case of *Swanton* v. *Curley* (273 N. Y. 325, 329): " The rule is that an action brought by a divorced wife against her former husband to recover money spent for their child's maintenance is brought for the benefit of the child (*Laumeier* v. *Laumeier*, 237 N. Y. 357, 364), but when a child has been adequately supported by one who maintained it without expectation of reimbursement, certainly a third party, even though she be the mother,

can have no standing in an action brought by her." From this record it is evident that the support was rendered without any claim, demand or expectation of reimbursement. Concur — Stevens, P. J., Markewich, Lane, Steuer and Tilzer, JJ.