■ GLORIA W. SINCLAIR, Respondent-Appellant, v HERBERT WIEDER, Appellant-Respondent.—In an action upon a separation agreement, defendant appeals from a judgment of the Supreme Court, Nassau County, entered June 5, 1974, in favor of plaintiff, after a nonjury trial. Plaintiff cross-appeals, on the ground of inadequacy, from so much of the said judgment as fixed the amount of her recovery. Judgment modified, on the law, by deleting from the first decretal paragraph thereof the portion beginning with the words "amounting to the sum of two hundred two and 15/100ths ($202.15) dollars as interest" and substituting therefor the following: "and with interest on the remaining $3,456.31 from the dates the component amounts thereof were advanced by plaintiff, commencing as of the date of each such advance." As so modified, judgment affirmed, with costs to plaintiff; and case remanded to the trial court for the entry of an appropriate amended judgment in accordance herewith. This case, being an action at law for breach of a separation agreement qua contract, rather than a matrimonial or equitable action (CPLR 105, subd [m]; Domestic Relations Law, art. 13; cf. *Maule v Kaufman,* 33 NY2d 58, 63; *Matter of D. v O.,* 77 Misc 2d 938, 939), it follows that plaintiff is entitled to interest as a matter of right on the entire award (CPLR 5001, subd [a]). Hopkins, Acting P. J.,

Cohalan, Christ and Brennan, JJ., concur; Munder, J., dissents and votes to reverse the judgment and dismiss the complaint, in accordance with the following memorandum: The parties were married in New York in December, 1943 and divorced in Alabama in February, 1961. They had two children, a son born in 1946, and a daughter born in 1948. Just six days prior to their divorce, the parties entered into a separation agreement which was incorporated into and survived the divorce decree. This is the fifth action brought by plaintiff based on alleged breaches of that agreement. She has recovered herein, *inter alia,* for certain educational expenses incurred by the daughter in 1968–1969, charges which existed at the time plaintiff brought her last prior action. I believe such a recovery is improper. The pertinent portion of the separation agreement provides as follows: "The parties agree that it is desirable for the children to go to college and Dr. Wieder agrees, if his means permit, to pay tuition fees and related expenses for the children at a college * * * approved by Mrs. Wieder after consultation with Dr. Wieder in the case of [daughter] Karen." The record shows that the daughter's college expenses were completely paid by defendant, except for the period from February, 1968 to March, 1969. For that period he took the position that his "means" simply did not permit him to pay. He offered proof to show that, although his income remained fairly stable over the period, his expenses increased substantially during 1968 for a number of reasons. I do not agree with the finding by Special Term that defendant's means during that period permitted him to pay for his daughter's education. He should not be required to take out loans to see that educational expenses are covered. In any event, there was no fixed obligation on defendant's part to pay the college expense. "The furnishing of a private college education to one's children is not a necessary for which he can be obligated to pay unless 'unusual circumstances' warrant such a holding" *(Matter of Hawley v Doucette,* 43 AD2d 713, 714). There were no "unusual circumstances" in this case. During the period in question defendant continued to make the periodic payments to plaintiff required by the agreement for the daughter's support even though the daughter was away at school and not living with plaintiff. In fact, while not at school, when the daughter lived with defendant, he still made payments to plaintiff for her support. After receiving notice from defendant that he could not pay the educational expenses for 1968, plaintiff herself paid them. After making such payments, plaintiff brought one of her several actions on the separation agreement against defendant. She did not then seek repayment for the daughter's college expense. Under all these circumstances, I would not allow plaintiff to keep all of the moneys paid to her for the daughter's support and also reimburse her for the education expenses which she paid voluntarily (cf. *Maule v Kaufman,* 41 AD2d 729).