■ VICTOR POVOSKY, Respondent-Appellant, v MARY J. POVOSKY, Appellant-Respondent.

Concerning the pension plan, the husband raises only two issues. First, he contends that the court erred in ordering the husband to pay immediately a lump sum rather than permitting him to pay the wife a proportionate share of the pension payments as the husband receives them. Under the circum-

stances of this case, the court did not abuse its discretion in making an immediate distribution of the wife's share of the pension. Since the wife had limited earning ability and the court limited her maintenance payments for a period of three years, it would be inequitable to defer payment of her interest in the pension funds until the husband decided to retire some years in the future. Moreover, the husband has funds available to him, including his share of the savings and investment plan, to pay the lump-sum pension award.

Second, the husband argues that the court erred in computing the award by failing to take into consideration the tax consequences to the parties. Since the husband failed to present any evidence from which the court could have determined the dollar amount of the tax consequences, the court's computation of the award was proper *(see, Farsace v Farsace, 97 AD2d 951)*.

Concerning the distribution of the husband's interest in the savings and investment plan, the husband contends that the court erred in computing the wife's share based upon the value on the date of trial rather than the value on the date of the commencement of the action, and further, that the court failed to take into consideration the tax consequences to the parties. Because property acquired after the date of the commencement of the divorce action is separate property, the wife's share of the savings and investment plan must be computed upon the basis of the value of the plan as of that time. There was proof that the husband's interest in the savings and investment plan as of September 1, 1981, close to the date of the commencement of the action, was $54,857.59 and this was the figure the court should have used in computing the wife's distributive share. Moreover, since the husband did produce the testimony of a tax accountant showing the dollar amount of tax consequences resulting from the withdrawal of the money from the plan, the court erred in making the distribution without regard to the tax consequences. Thus, the award to the wife of the sum of $33,471.50, as her share of the savings and investment plan, should be deleted and the matter remitted to the trial court for a recomputation of the wife's share based upon the value of the husband's interest in the plan as of September 1, 1981, taking into consideration the tax consequences to the parties. Because the new income tax law may affect the amount of taxes due upon withdrawal of moneys in the fund, the parties should be given an opportunity to present evidence to assist the court in determining the tax consequences.

The wife, in her cross appeal, contends that she is entitled to interest on the amounts awarded to her and that she should be entitled to a judgment incorporating those awards. CPLR 5001 provides that the court may, in its discretion, fix the date from which interest is computed. Since the wife's share of the savings and investment plan will be computed as of September 1, 1981, she should receive interest at the legal rate from that date to the date of the court's decision upon remittal. The wife is entitled to a judgment for the amounts awarded by the court in its decision dated November 4, 1983 and she is entitled to interest on those awards from the date of that decision until the entry of the judgment (see, CPLR 5002). The judgment shall include the sum to be awarded to the wife as her share of the savings and investment plan, with interest to the date of the new decision, and it shall also include interest from the date of that decision to the date of the entry of the judgment.

We have considered the other contentions of both parties and none requires reversal or further modification of the order appealed from. (Appeals from order of Supreme Court, Monroe County, Mastrella, J.—equitable distribution.) Present —Denman, J. P., Boomer, Pine, Lawton and Schnepp.