■ CARL LARGIADER, Respondent-Appellant, v MARIE LARGIADER, Appellant-Respondent. (Action No. 1.) MARIE LARGIADER, Appellant-Respondent, v CARL LARGIADER, Respondent-Appellant. (Action No. 2.)—In consolidated actions for a divorce and ancillary relief, (1) the wife appeals from stated portions of a judgment of the Supreme Court, Suffolk County (Fierro, J.), entered June 17, 1987, which, *inter alia,* after a nonjury trial, (a) denied her maintenance, (b) determined that the value of the husband's retirement plans was $253,058, (c) determined that the value of Lani Bird, Inc., was $22,666.44, (d) failed to grant a distributive award amounting to 100% of the increase in value of the marital home since the date action No. 2 was commenced, (e) determined that the value of her interest in a real estate partnership was $15,000, (f) limited her award for necessaries to $58,849.63, (g) failed to award her a portion of a certificate of deposit in the First Interstate Bank, and (h) failed to award her the full amount of counsel fees requested, and (2) the husband cross-appeals from

stated portions of the same judgment which, *inter alia,* (a) failed to determine the appropriate proportion of his retirement plans that was subject to equitable distribution, (b) awarded the wife an amount for necessaries, (c) determined that the 51 shares of Lani Bird, Inc. were marital property, (d) failed to include certain of the wife's assets as marital property, (e) determined that the value of the wife's interest in a real estate partnership was $15,000, and (f) awarded the wife counsel fees of $20,000.

Ordered, that the judgment is modified, on the law and the facts and as a matter of discretion, by (1) adding a provision thereto awarding the wife the legal rate of interest on her share of the husband's pension plans, calculated from October 11, 1980 to June 17, 1987, (2) deleting the provision thereof awarding the wife the parties' household furnishings, (3) deleting the provision thereof which treated the shares of Lani Bird, Inc. as marital assets, (4) adding a provision thereto awarding the wife maintenance of $200 a week from the date of the trial court's memorandum decision dated February 10, 1987 until the husband's death or the wife's death or remarriage whichever occurs first, (5) adding a provision thereto directing the husband to obtain health and life insurance for the benefit of the wife as long as his obligation to pay maintenance continues, (6) deleting the provision thereof awarding the wife $160,200, and substituting therefor a provision awarding the wife title to the marital residence and directing the husband to transfer his interest in the property to her, (7) deleting the provision thereof awarding the wife counsel fees, and (8) adding a provision thereto awarding the wife interest at the legal rate *(see,* CPLR 5001) on the unpaid installment payments for necessaries and directing that each installment becomes due on January 1 of the year in which it is due; as so modified, the judgment is affirmed insofar as appealed from and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith, and for the entry of an appropriate amended judgment.

The parties commenced these consolidated actions for divorce in 1980 after 28 years of marriage. The court dismissed the husband's cause of action after a trial in 1986 and granted the wife a divorce on the ground, *inter alia,* of cruel and inhuman treatment. The issues raised on appeal concern the distribution of the parties' marital property.

The trial court properly fixed the value of the husband's pension plans as of the date the wife's action was commenced

in 1980. Valuing the plans as of the date of trial, as the wife requested, would have impermissibly awarded her a share of the husband's substantial contributions made after the date the matrimonial action was commenced. Such contributions constitute separate property (see, Marcus v Marcus, 135 AD2d 216). Nevertheless, in view of the inordinate delay in reaching a trial of this action, we exercise our discretion to award the wife the legal rate of interest on her share of the pension funds. The interest shall be calculated from the date her action was commenced to June 17, 1987, the date judgment was entered (see, Povosky v Povosky, 124 AD2d 1068). We note that the trial court found that the husband had engaged in a "significant amount of stonewalling" in this action. The matter is remitted to the trial court for a determination of the amount of interest due, the method of payment of the interest by the husband and the entry of an amended judgment accordingly.

The husband offered evidence at the trial that he held 51 shares of a corporation, Lani Bird, Inc., in trust for a third party and that the shares were returnable upon demand. The court explicitly found that the husband's testimony on this issue was credible and that he held the shares in a fiduciary capacity. Having made that determination, it was error for the court to then include the shares as a marital asset, and the judgment should be modified accordingly.

Neither party offered evidence at the trial as to the value of the furnishings in the marital home. Despite the parties' request for an equal division of the value of those furnishings in their respective statements of proposed disposition, the court awarded the furnishings to the wife. Upon remittitur, the parties should be given an opportunity to establish the value of the furnishings, and that property should be divided equally. Furthermore the judgment should be clarified by awarding the wife title to the marital residence. We decline to disturb the trial court's determination as to the value and distribution of the remainder of the parties' assets.

The wife provided sufficient evidence to support her claim for necessaries to the extent granted by the trial court (cf., Erdheim v Erdheim, 119 AD2d 623). The judgment includes the option of payment of the award for necessaries in installments over a six-year period. The judgment is modified to fix January 1 of the year each installment is due and to award the wife the legal rate of interest on the unpaid balance.

In view of the disparity in the parties' incomes since the

action was commenced, the length of the marriage and the wife's nonmonetary and monetary contributions to the marriage, the court erred in failing to award the wife maintenance (see, Domestic Relations Law § 236 [B] [6]). We conclude that an award of $200 a week from the date of the trial court's decision until the date of the husband's death or the wife's death or remarriage, whichever occurs first, is appropriate. The award to the wife for necessaries of $58,849.63 was sufficient to cover her needs prior to the date of the decision.

Upon review of the parties' financial circumstances, we conclude that an award of counsel fees to the wife is not warranted. The counsel fee application submitted on the wife's behalf indicated that she had paid approximately $31,000 in fees and disbursements. Considering that the issues involved in these actions were not novel or difficult, the wife's attorneys have been sufficiently compensated for the services rendered. Kooper, J. P., Spatt, Harwood and Rosenblatt, JJ., concur.