■ WILLIAM KIRSHENBAUM, Respondent-Appellant, v SUSAN KIRSHENBAUM, Appellant-Respondent. [611 NYS2d 228] —In consolidated actions for a divorce and ancillary relief and to recover damages for malicious prosecution, (1) the defendant wife appeals, as limited by her brief, from stated portions of a judgment of the Supreme Court, Nassau County (Kohn, J.), dated July 11, 1991, which, inter alia, after a nonjury trial, (a) valued and distributed the marital property, (b) valued the marital liabilities as of the date of the commencement of the trial, (c) awarded her maintenance in the amount of only $200 per week for a period of three years, (d) awarded child support in the amount of only $300 per week for each of the parties' two children, (e) failed to award her counsel fees and accountant's fees, and (f) found her liable for malicious prosecution and awarded $20,000 in compensatory damages and $5,000 in punitive damages to the plaintiff husband; and (2) the plaintiff husband cross-appeals, as limited by his brief, from stated portions of the same judgment which, inter alia, (a) deemed certain shares of stock to be marital property rather than his separate property, (b) valued the marital liabilities as of the date of the commencement of the trial, (c) awarded mainte-

nance to the wife, (d) directed him to pay child support, and (e) failed to award him counsel fees and accountant's fees.

Ordered that the judgment is modified, on the law, by deleting therefrom the fourth, fifth, sixth, seventh, eighth, ninth, tenth, and eleventh decretal paragraphs thereof concerning the equitable distribution of the marital property and the valuation of liabilities consisting of certain margin accounts as of the date of the commencement of the trial, and the matter is remitted to the Supreme Court, Nassau County, for a hearing to determine the value of the margin accounts as of the date of the commencement of the matrimonial action and, to the extent necessary, for a redistribution of the marital property in accordance therewith; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

It is well settled that the trial court has broad discretion in selecting the dates for the valuation of marital assets and, depending on the particular circumstances of the case, may appropriately fix different valuation dates for different assets (see, Siegel v Siegel, 132 AD2d 247; Wegman v Wegman, 123 AD2d 220). In this case, we discern no improvident exercise of discretion in the court's valuation of some assets as of the commencement of the divorce action, and its valuation of other assets as of the time of trial (see, Greenwald v Greenwald, 164 AD2d 706). Furthermore, the Supreme Court properly considered 9,750 disputed shares of stock in New Plan Realty Trust as marital property rather than as the husband's separate property, since the husband failed to rebut the presumption which arose from his commingling of the funds used to purchase these shares with other marital funds (see, Pullman v Pullman, 176 AD2d 113; Lischynsky v Lischynsky, 120 AD2d 824).

However, while the trial court also enjoys wide latitude in setting the valuation dates for marital debts and liabilities (see, Savage v Savage, 155 AD2d 336), we find that the court acted improperly in fixing the value of the husband's margin account liabilities for the New Plan Realty Trust stock as of the commencement of the trial. Since this particular stock constituted an active asset which was appropriately valued as of the date of the commencement of the divorce action, the debt incurred in its acquisition should similarly be valued as of that date (see, Greenwald v Greenwald, 164 AD2d 706, supra; Ducharme v Ducharme, 145 AD2d 737, 740). Accordingly, we remit the matter to the Supreme Court, Nassau County, for a determination of the amount of the husband's

liabilities as of the date of commencement of the divorce action and the portion of that amount which constitutes marital debt. In view of the foregoing, we vacate the trial court's equitable distribution award so that, to the extent the Supreme Court finds it necessary and appropriate, the marital assets may be redistributed in accordance with the court's new determination as to valuation.

We discern no basis for disturbing any aspect of the trial court's awards with respect to maintenance and child support, since the court took the appropriate statutory factors into account and the awards are supported by the record.

Turning to the consolidated action to recover damages for malicious prosecution, we find that the husband adduced sufficient evidence to establish the requisite elements of his cause of action *(see, e.g., Loeb v Teitelbaum,* 77 AD2d 92; *see generally, Levine v Gurney,* 149 AD2d 473; *cf., Colon v City of New York,* 60 NY2d 78), and that the trial court's decision in favor of the husband and the damages awarded are not against the weight of the evidence.

We have considered the parties' remaining contentions and find them to be without merit. Sullivan, J. P., O'Brien, Goldstein and Florio, JJ., concur.