■ SUZANNE T. TRIVEDI, Respondent, v NARENDRA K. TRIVEDI, Appellant. [635 NYS2d 78] —In an action for a divorce and ancillary relief, the defendant husband appeals from an order of the Supreme Court, Suffolk County (Kitson, J.), dated September 29, 1994, which directed that the value of the husband's pension fund should be determined as of the date of distribution, and the value of his professional corporation should be determined as of the date of the commencement of the action.

Ordered that the order is modified, on the law and as a matter of discretion, by deleting the provision thereof which directed that the value of the husband's pension fund should be determined as of the date of distribution, and substituting therefor a provision directing that the value of the pension fund should be determined as of the date of commencement of the action, and that the wife is entitled to interest at the legal rate on her share from the date of valuation to the date of distribution; as so modified, the order is affirmed, without costs or disbursements.

It is undisputed that the husband's pension fund is a Merrill Lynch securities account which is managed directly by the husband. It is also undisputed that although no contributions were made subsequent to the commencement of this action in December 1987, the pension fund increased in value from approximately $310,000 at that time to approximately $500,000 in April 1994, and that the increase in value was the result of the husband's management of the fund.

The Supreme Court concluded that the pension fund was a passive asset, in that its increase in value was due primarily to market forces, and that its value should therefore be determined as of the date of distribution. As previously noted, however, it is undisputed that the pension fund increased in value because of the husband's management of the fund, rather than as a result of the acts of third parties or market forces. The value of the fund should therefore be determined as of the date of commencement of the action because its appreciation is the result of the husband's labors (see, Heine v Heine, 176 AD2d 77, 87-88; Greenwald v Greenwald, 164 AD2d 706, 716, 718). We exercise our discretion to award the wife interest at the legal rate from the date of valuation to the date of distribution (see, Largiader v Largiader, 151 AD2d 724, 726; Povosky v Povosky, 124 AD2d 1068, 1070).

We find no merit, however, to the husband's contention that the value of his professional corporation should be determined as of the date of distribution, rather than the date of com-

mencement of the action. The Supreme Court had previously found that the husband manipulated the corporation's income to suit his own needs. Under the circumstances, it was not an improvident exercise of discretion for the Supreme Court to set the commencement of the action as the date of valuation *(see, Siegel v Siegel,* 132 AD2d 247, 250-251). Thompson, J. P., Ritter, Joy and Florio, JJ., concur.