■ RACHEL SELINGER, Appellant-Respondent, v IRWIN SEL-INGER, Respondent-Appellant. [648 NYS2d 470] —In a matrimonial action, (1) the plaintiff appeals, as limited by her brief, from stated portions of an order of the Supreme Court, Nassau County (Roberto, J.), dated August 9, 1994, which, *inter alia,* denied her application for prejudgment interest, (2) the plaintiff appeals and the defendant cross-appeals, as limited by their briefs, from stated portions of a judgment of the same court entered October 28, 1994, which, among other things, distributed the parties' marital property, (3) the plaintiff appeals from an order of the same court dated February 17, 1995, which appointed a Referee to report on whether the defendant's tender of stocks complied with the judgment, and (4) the defendant appeals and the plaintiff cross-appeals, as limited by their briefs, from an order of the same court dated March 16, 1995, which confirmed the Referee's report and denied the plaintiff's application for counsel fees.

Ordered that the appeal from the order dated August 9, 1994, is dismissed, without costs or disbursements; and it is further,

Ordered that the appeal from the order dated February 17, 1995, is dismissed, without costs or disbursements, since that order is not appealable as of right (*see, Matter of Mitchell v A.J. Med. Supply,* 141 AD2d 732), and leave to appeal is not granted; and it is further,

Ordered that the judgment is modified by (1) deleting the provision thereof awarding the plaintiff the sum of $5,326,504 representing a distributive award of one-third of the marital property of the parties and substituting therefor a provision awarding the plaintiff the sum of $6,608,459 representing a distributive award of one-third of the defendant's Graham-Field stock (after the separate property credit) and stock options and one-half of the remaining marital property, (2) deleting the provision thereof valuing the plaintiff's bank accounts and stock accounts at $1,030,747 on the date of trial and substituting therefor a provision valuing those accounts at $1,030,747 on the date of commencement of the action, (3) deleting the provision thereof requiring the defendant to pay the plaintiff the sum of $4,217,032 within 120 days of the date of the judgment and substituting therefor a provision that the defendant pay the plaintiff the sum of $5,498,987, (3) deleting the provision thereof awarding the defendant the sum of $10,653,008 representing two-thirds of the marital property of the parties and substituting therefor a provision awarding the defendant the sum of $9,371,053 representing two-thirds of the defendant's Graham-Field stock (after the separate property

credit) and stock options and one-half of the remaining marital property, and (4) deleting the provision thereof denying the plaintiff's application for prejudgment interest and substituting therefor a provision granting the application; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment; and it is further,

Ordered that the defendant shall pay the plaintiff the sum of $5,498,987 within 120 days of service upon the defendant of a copy of this decision and order, with notice of entry; and it is further,

Ordered that the order dated March 16, 1995, is modified by deleting the provision thereof which confirmed so much of the Referee's report as found that the plaintiff is entitled to the accrued interest and dividends on the stocks and bonds that the defendant transfers to her and substituting therefor a provision disaffirming that part of the Referee's report; as so modified, the order dated March 16, 1995, is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The appeal from the intermediate order dated August 9, 1994, is dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order dated August 9, 1994, are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

The parties were married for approximately 20 years and have two children, one of whom has already reached the age of majority. They enjoyed an affluent lifestyle, and the husband, who is a very successful businessman, was their sole source of income. During the early part of the marriage, the wife performed all of the homemaking duties. However, as the husband's business grew and became more profitable, the wife gradually delegated many of her homemaking and parenting duties to housekeepers. During the latter part of the marriage, the wife spent much of her time away from home attending school and cultural events.

At the time of their divorce, the parties had marital assets that were worth approximately $16 million including, among other things, the marital home and stock in the husband's business. The main issues on appeal concern the Supreme Court's valuation and distribution (one-third to the wife and two-thirds to the husband) of those assets.

We find that the distribution of marital property in this case

was not equitable. While the Supreme Court properly considered the modest nature of the plaintiff's contributions to the marriage and the defendant's business (*see, Arvantides v Arvantides,* 64 NY2d 1033, 1034), it failed to consider any of the other factors enumerated in Domestic Relations Law § 236 (B) (5) (d). The Supreme Court failed to consider that the parties were married for 20 years, that the plaintiff had not worked outside of the home in that amount of time, and that the plaintiff was 51 years old at the time of the trial. Although we agree with the Supreme Court that the plaintiff is not entitled to more than one-third of the defendant's Graham-Field stock and stock options, we find that she is entitled to one-half of the remaining marital assets. Such a distribution of marital property is more equitable than the one imposed by the Supreme Court, which failed to consider the plaintiff's age, lack of work experience, and economic future (*see,* Domestic Relations Law § 236 [B] [5] [d]).

The plaintiff's contention that the Supreme Court incorrectly valued her bank and stock accounts at $1,030,747, their value on the date of commencement of the action, is without merit. In her post-trial memorandum, the plaintiff argued that those accounts should be valued as of the date of commencement of the action. Thus, she may not now contend that the Supreme Court incorrectly valued them. However, the judgment is modified to reflect that the value of the plaintiff's bank and stock accounts was $1,030,747 on the date of commencement of the action, not the date of trial.

The plaintiff is entitled to prejudgment interest on the distributive award. Interest is not a penalty. Rather, it is simply the cost of having the use of another person's money for a specified period. It is intended to indemnify successful plaintiffs for the nonpayment of what is due to them, and it is not meant to punish defendants for delaying the final resolution of the litigation (*see, Love v State of New York,* 78 NY2d 540, 544). Since marital assets in this case were valued as of the date of commencement of the action, the plaintiff is entitled to interest from that date (*see, Povosky v Povosky,* 124 AD2d 1068, 1070).

The judgment does not require that the defendant give the plaintiff the accrued interest and dividends on the stocks and bonds that he transfers to her. Thus, the defendant's failure to do so should not be deemed a failure to comply with the judgment.

The plaintiff's contentions regarding life insurance and her daughter's unreimbursed medical expenses are not properly before this Court and should be addressed to the Supreme Court.

The parties' remaining contentions are without merit. Joy, J. P., Altman, Friedmann and Krausman, JJ., concur.