■ PETER R. RECZEK, Appellant-Respondent, v JOYCE S. REC-ZEK, Respondent-Appellant. [659 NYS2d 641] —Judgment unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff contends that Supreme Court erred in awarding defendant the value of plaintiff's enhanced earnings attributable to the doctoral degree he obtained during the marriage. We agree. Where there is an award of maintenance, " 'the court [is] obliged to reduce the value of the enhanced earnings by the amount awarded in maintenance. Not to do so would involve a double counting of the same income' " (*Wadsworth v Wadsworth*, 219 AD2d 410, 415). Thus, the court was required to reduce the value of plaintiff's enhanced earnings, i.e., $242,587, by defendant's maintenance award of $100,800 in computing defendant's interest in plaintiff's degree and enhanced earning capacity.

We further conclude that the court did not abuse its discretion in awarding defendant a 35% distributive share of plaintiff's degree and enhanced earning capacity. The court erred, however, in refusing to award plaintiff a distributive share of defendant's degree and enhanced earning capacity attributable to the Master's degree in nursing earned by defendant during the marriage (*see, DiCaprio v DiCaprio*, 162 AD2d 944, *lv denied* 77 NY2d 802; *Finocchio v Finocchio*, 162 AD2d 1044). Because the financial and other contributions made by plaintiff to the marriage were less than those made by defendant, we conclude that plaintiff is entitled to $7,446.75, representing 25% of the value of defendant's degree and enhanced earnings.

Consequently, we modify the judgment by awarding defendant $42,178.70, representing her equitable share of plaintiff's enhanced earnings as reduced by defendant's maintenance award and plaintiff's equitable share of defendant's enhanced earnings. Because the court directed that defendant's distributive award be paid in monthly allotments over a period of seven years, we further modify the judgment by granting interest on that amount from the date of entry of the judgment pursuant to CPLR 5004 (*see, Kessler v Kessler*, 212 AD2d 1038; *Kalisch v Kalisch*, 184 AD2d 751).

We have reviewed the remaining contentions of the parties and conclude that they are without merit. (Appeals from Judgment of Supreme Court, Erie County, Sconiers, J.—Equitable Distribution.) Present—Green, J. P., Lawton, Doerr, Balio and Fallon, JJ.