■ RACHEL SELINGER, Appellant, v IRWIN SELINGER, Respondent. [672 NYS2d 913] —In a matrimonial action, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (Roberto, J.), dated May 20, 1997, as granted that branch of the defendant's motion which was to modify the prejudgment interest provision of the parties' amended judgment of divorce entered February 19, 1997.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the branch of the defendant's motion which was to amend the prejudgment interest provision of the amended judgment of divorce entered February 19, 1997, is denied, and the prejudgment provision of the amended judgment of divorce is reinstated.

By a decision and order of this Court dated October 15, 1996, the parties' judgment of divorce was modified, *inter alia*, by awarding prejudgment interest to the plaintiff on her distributive share of the marital property as of the date of the commencement of the action, May 10, 1991. This Court did not specify the rate at which prejudgment interest was to be paid, and remitted the matter to the Supreme Court, Nassau County, for the entry of an appropriate amended judgment (*see, Selinger v Selinger*, 232 AD2d 471). The Supreme Court has discretion to set the rate of prejudgment interest in a matrimonial or equitable action (*see,* CPLR 5001 [a]; *Sinclair v Wieder*, 48 AD2d 866).

Both parties submitted proposed amended judgments to the Supreme Court that contained nearly identical provisions awarding prejudgment interest to the plaintiff "at the legal rate" of 9% from May 10, 1991, through February 25, 1997. The Supreme Court signed the defendant's proposed amended judgment. The defendant subsequently moved, *inter alia*, to modify the amended judgment of divorce to reduce the rate of prejudgment interest to a rate not to exceed 5%.

In support of his motion, the defendant argued that, since the stock that he transferred to the plaintiff in 1995 as part of her distributive share of the marital assets had increased in value by 1997 when the amended judgment was entered, the award of prejudgment interest at the legal rate of 9% constituted a windfall to the plaintiff, who had already been handsomely compensated, and a penalty to him. This argument, however, does not fall into any of the five categories enumerated in CPLR 5015 (a) pursuant to which relief from a judgment or order may be granted. Moreover, under the circumstances of this case, it is not a sufficient reason for the court to exercise its inherent discretionary power to relieve a party from a judgment or order for good cause shown (*see, McMahon v City of New York*, 105 AD2d 101, 105-106; Siegel, NY Prac § 426, at 650 [2d ed]).

The value of the defendant's stock after its transfer to the plaintiff had no bearing on the award of prejudgment interest, which was intended to indemnify the plaintiff for nontransfer of the stock from the commencement of the action until entry

of the judgment (*see, Trimboli v Scarpaci Funeral Home*, 37 AD2d 386, 389, *affd* 30 NY2d 687). Moreover, the stock in question was stock in the defendant's own business. The defendant knew or should have known of its increase in value when he submitted his proposed amended judgment of divorce to the Supreme Court. Thus, the defendant should have considered the stock's increase in value and its purported effect on the interest rate at that time. Instead, the defendant submitted to the court a proposed amended judgment with an interest rate of 9%. The defendant cannot subsequently argue for modification of the amended judgment, which he drafted himself, merely because, with hindsight, he believes a different rate of interest would have been more advantageous to him (*see, Heine v Heine*, 176 AD2d 77, 91). Bracken, J. P., Miller, O'Brien and Copertino, JJ., concur.