■ SUSAN B. WALKER, Respondent, v PETER B. WALKER, Appellant. [680 NYS2d 114] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his notice of appeal and brief, from stated portions of a judgment of the Supreme Court, Westchester County (Slobod, J.), dated January 14, 1997, which, *inter alia,* (1) awarded the plaintiff maintenance, (2) determined the value and distribution of certain marital property, and (3) awarded the plaintiff a portion of her counsel fees.

Ordered that the judgment is modified, on the law and the facts, by (1) deleting the 13th, 16th, 17th, 19th, 20th, 21st, 22nd, 26th, 27th, 30th, 31st, and 32nd decretal paragraphs thereof, (2) deleting from the 18th decretal paragraph the sum of $1,943,317.50 and substituting therefor the sum of $1,444,458, and (3) adding to the 34th decretal paragraph, after the words "on his life", the words "and until such time as the plaintiff dies or remarries"; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith and for the entry of an appropriate amended judgment.

In fixing the amount of a maintenance award, a court must consider the financial circumstances of both parties, including their reasonable needs and means, the payor spouse's present and anticipated income, the payee spouse's present and future earning capacity, and both parties' standard of living (*see, Feldman v Feldman,* 194 AD2d 207, 218). The predivorce standard of living is always an essential component of evaluating and determining the duration and amount of maintenance to be awarded, and, to the extent possible, the payee spouse is entitled to an award of maintenance to maintain the preseparation standard of living (*see, Hartog v Hartog,* 85 NY2d 36, 50-51; *Powers v Powers,* 171 AD2d 737, 738). On this record,

we decline to disturb the trial court's determination (*see,* *O'Keefe v O'Keefe,* 216 AD2d 549).

The court's provision for the defendant to maintain life insurance for the benefit of the plaintiff should have been made to terminate upon the death of the plaintiff or upon her remarriage (*see,* Domestic Relations Law § 236 [B] [6] [c]), and the judgment is therefore modified to so provide.

In addition to awarding maintenance arrears, plus interest thereon, the court also made a separate award to the plaintiff of $7,700 plus interest. This represents the sum the defendant deducted from the plaintiff's monthly maintenance payment for August 1993 because, as the defendant explained, the plaintiff spent more than he had agreed to pay for their daughter's wedding. Inasmuch as it cannot be determined from the record whether the amounts set forth in the 30th, 31st, and 32nd decretal paragraphs have also been included in the separate award to the plaintiff of maintenance arrears, as set forth in the 3rd decretal paragraph, the matter must be remitted to the Supreme Court, Westchester County.

Although the trial court did not improvidently exercise its discretion in rejecting the valuation testimony of the defendant's expert, the court improperly included certain postcommencement expenditures in valuing the parties' property in the Adirondacks. Accordingly, the amount awarded in the 18th decretal paragraph, which represents the distributive award to the plaintiff for the Adirondack property, is reduced from $1,943,317.50 to $1,444,458. Moreover, the 19th and 20th decretal paragraphs, which represent the prejudgment interest and earning capacity on that distributive award, must be vacated and recalculated at the reduced amount indicated in the 18th decretal paragraph.

The award of reasonable counsel fees is a matter within the sound discretion of the trial court (*see, DeCabrera v Cabrera-Rosete,* 70 NY2d 879). The issue of counsel fees is controlled by the equities and circumstances of each case, and the court must consider the relative merits of the parties' positions and their respective financial circumstances in determining whether an award is appropriate (*see,* Domestic Relations Law § 237 [a]; *Tayar v Tayar,* 250 AD2d 757; *Linda R. v Richard E.,* 176 AD2d 312, 313). Here, considering all of the factors, including that in making the award of fees to the plaintiff, the trial court expressly found that a significant portion of the protracted litigation in this case was attributable to certain of the defendant's trial and negotiating positions, the court did not improvidently exercise its discretion in its award of counsel fees.

Contrary to the defendant's contention, the court did not improvidently exercise its discretion in awarding the plaintiff prejudgment interest on certain of the distributive awards it made (*see, e.g., Selinger v Selinger,* 232 AD2d 471, 473; *Largiader v Largiader,* 151 AD2d 724; *Povosky v Povosky,* 124 AD2d 1068). However, prior to the trial, the parties entered into a stipulation which, *inter alia,* provided for the distribution of certain marital property. The court erred in making provisions in the judgment for awards of prejudgment interest on the distributive awards for the property covered by that stipulation, and in making awards based on the "earning capacity" of the distributive awards for that property, since, with respect to those distributive awards, the stipulation controls (*see, e.g., De Gaust v De Gaust,* 237 AD2d 862; *Sklerov v Sklerov,* 231 AD2d 622). Therefore, the 13th, 16th, 17th, 21st, 22nd, 26th, and 27th decretal paragraphs of the judgment are deleted. Miller, J. P., Copertino, Pizzuto and Santucci, JJ., concur.