■ CYNTHIA LIPSKY, Respondent, v WILLIAM LIPSKY, Appellant. [715 NYS2d 427] —In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Satterfield, J.), dated September 30, 1999, which, after a nonjury trial, *inter alia,* (1) awarded the plaintiff a distributive award in the sum of $300,000 representing 50% of the defendant's enhanced earning capacity and 10% of the value of his medical practice, (2) directed him to pay the distributive award either in one lump sum or in equal installments over three years, (3) awarded prejudgment interest on the distributive award at the rate of 9% from the date of commencement of the action, and (4) awarded postjudgment interest on the distributive award at the statutory rate of 9% from the date of entry of the judgment of divorce until final payment.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

The defendant's contentions that the trial court failed to equitably distribute the marital property pursuant to Domestic Relations Law § 236 (B) are without merit. The trial court properly exercised its discretion in concluding that it was appropriate to award the plaintiff 50% of the defendant's enhanced earning capacity (*see, O'Brien v O'Brien,* 66 NY2d 576; *Vainchenker v Vainchenker,* 242 AD2d 620; *Rosenberg v Rosenberg,* 155 AD2d 428; *cf., Duspiva v Duspiva,* 181 AD2d 810), especially in light of the plaintiff's substantial economic as well as noneconomic contributions to the defendant's acquisition of his medical degree and license.

It is well settled that for the purposes of equitable distribution, the valuation date of marital assets can be set at "anytime from the date of commencement of the action to the date of the

trial" (Domestic Relations Law § 236 [B] [4] [b]). A medical license is an active asset and should generally be valued as of the commencement date of the action, since any appreciation in value after that date is the product of the labors of the licensed spouse (*see, McSparron v McSparron,* 87 NY2d 275; *Wegman v Wegman,* 123 AD2d 220). The appropriate date for measuring the value of marital property is left to the sound discretion of the trial court (*see,* Domestic Relations Law § 236 [B] [4] [b]; *McSparron v McSparron, supra*) which, in the instant case, was exercised with due regard to all the relevant facts and circumstances (*see, Rochelle G. v Harold M. G.,* 170 Misc 2d 808). Accordingly, the trial court's valuation date of June 8, 1993, the commencement date of this action, was fair and reasonable (*see, Rochelle G. v Harold M.G., supra*).

The trial court also properly awarded the plaintiff prejudgment interest on the distributive award of $300,000, at the rate of 9% from the date of commencement of the action to the date of entry of the judgment of divorce. An award of prejudgment interest on a distributive award is within the sound discretion of the trial court (*see,* CPLR 5001 [a]; *see also, Selinger v Selinger,* 250 AD2d 752; *Trivedi v Trivedi,* 222 AD2d 499; *Largiader v Largiader,* 151 AD2d 724). The trial court providently exercised its discretion in providing for interest on the distributive award, especially where, as here, the defendant, in failing to provide certain financial documents, caused his medical practice to be substantially undervalued.

Under the facts of this case, it was a provident exercise of discretion for the trial court to award postjudgment interest at the statutory rate of 9% on the distributive award from the date of entry of the judgment of divorce to the date of final payment. The trial court also properly directed that the defendant pay the full amount of the distributive award within three years from the date of entry of the judgment of divorce (*see,* CPLR 5003, 5004; *see also, Chirls v Chirls,* 170 AD2d 641; *Reczek v Reczek,* 239 AD2d 867).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Thompson, Altman and McGinity, JJ., concur.