MARIA PAPPAS, Respondent, v ANTHONY PAPPAS, Appellant. [36 NYS3d 661]—

Motion by the appellant for leave to reargue stated portions of an appeal from a judgment of the Supreme Court, Nassau County, entered December 10, 2013, which was determined by decision and order of this Court dated December 23, 2015. Cross motion by the respondent for leave to reargue stated portions of the appeal.

Upon the papers filed in support of the motion and cross motion, and the papers filed in opposition thereto, it is

Ordered that the cross motion is denied; and it is further,

Ordered that the motion is granted, and upon reargument, the decision and order of this Court dated December 23, 2015 (*Pappas v Pappas*, 134 AD3d 1001 [2015]) is recalled and vacated, and the following decision and order is substituted therefor:

Appeal from stated portions of a judgment of the Supreme Court, Nassau County (Hope Schwartz Zimmerman, J.), entered December 10, 2013. The judgment, inter alia, awarded the plaintiff a distributive award in the sum of $1,923,361, together with prejudgment interest at the rate of 6% per annum, and failed to award the defendant certain assets.

Ordered that the judgment is modified, on the law, on the facts, and in the exercise of discretion, by deleting the provisions thereof awarding the plaintiff a distributive award in the sum of $1,923,361, together with prejudgment interest at the rate of 6% per annum; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

In this matrimonial action, after a nonjury trial on the financial issues, the Supreme Court issued a decision and order dated September 9, 2013, determining the value of the parties' various assets and directing the equitable distribution of the marital property. On December 10, 2013, the court entered judgment upon the decision and order, inter alia, awarding the plaintiff a distributive award in the sum of $1,923,361, together with prejudgment interest at the rate of 6% per annum. The defendant appeals, contending, among other things, that the Supreme Court erred in determining that certain assets were marital property rather than the defendant's separate property, in valuing certain assets as of the date of the commencement of the action instead of the date of the trial, in awarding the plaintiff half of the value of certain nonliquid assets without

consideration of the tax consequences of liquidating those assets, and in awarding the plaintiff prejudgment interest.

The trial court has broad discretion in selecting the dates for the valuation of marital assets and, depending on the particular circumstances of the case, may appropriately fix different valuation dates for different assets (see McSparron v McSparron, 87 NY2d 275, 287 [1995]; Kirshenbaum v Kirshenbaum, 203 AD2d 534, 535 [1994]; Siegel v Siegel, 132 AD2d 247 [1987]; Wegman v Wegman, 123 AD2d 220 [1986] [amended on remittitur]). Here, the Supreme Court providently exercised its discretion when it valued certain securities as of the date of commencement of this matrimonial action, since those securities constituted active assets (see Kirshenbaum v Kirshenbaum, 203 AD2d at 535). Furthermore, the Supreme Court properly considered disputed bank, custodial, securities, and trust accounts as marital property rather than as the defendant's separate property, since the defendant failed to rebut the presumption which arose from his commingling of funds (see id.; Pullman v Pullman, 176 AD2d 113 [1991]; Lischynsky v Lischynsky, 120 AD2d 824 [1986]).

However, it was an improvident exercise of discretion to award prejudgment interest. While an award of prejudgment interest is within the sound discretion of the trial court (see CPLR 5001 [a]; see also Lipsky v Lipsky, 276 AD2d 753 [2000]; Selinger v Selinger, 250 AD2d 752 [1998]; Trivedi v Trivedi, 222 AD2d 499 [1995]; Largiader v Largiader, 151 AD2d 724 [1989]), under the circumstances here, prejudgment interest should not have been awarded.

In addition, the Supreme Court erred in awarding the plaintiff half of the value of certain nonliquid assets as equitable distribution without consideration of the tax consequences of liquidating those assets. The court's award unfairly placed the entire tax burden of satisfying the distributive award upon the defendant, which substantially reduced the defendant's share of the marital property (see Hartog v Hartog, 194 AD2d 286 [1993], affd 85 NY2d 36 [1995]). Accordingly, we must remit the matter to the Supreme Court, Nassau County, for further proceedings to allow each of the parties to present expert opinions regarding the tax consequences of the sale of the nonliquid assets, and for the entry of an appropriate amended judgment thereafter. In the event that the assets have not been sold, the court should direct an in-kind distribution of those nonliquid assets or, in the alternative, if they have already been liquidated, the plaintiff should be directed to reimburse the defendant for half of the value of any taxes

which he paid as a result of liquidating assets in order to satisfy the court's award.

The defendant's remaining contentions are without merit. Rivera, J.P., Dillon, Chambers and LaSalle, JJ., concur.