Raposo v Raposo (2018 NY Slip Op 06127)





Raposo v Raposo


2018 NY Slip Op 06127


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX
ANGELA G. IANNACCI, JJ.


2016-00226
 (Index No. 200439/12)

[*1]Maryann Raposo, respondent-appellant, 
v
Octavio Raposo, appellant-respondent.


Robert H. Brodrick, Garden City, NY, for appellant-respondent.
Barket Epstein Kearon Aldea & LoTurco, LLP, Garden City, NY (Donna Aldea, Elaine J. Stack, and Alexander R. Klein of counsel), for respondent-appellant.



DECISION & ORDER
In an action for a divorce and ancillary relief, the defendant appeals, and the plaintiff cross-appeals, from a judgment of divorce of the Supreme Court, Nassau County (Leonard D. Steinman, J.), entered November 12, 2015. The judgment of divorce, insofar as appealed from, upon a decision of the same court dated December 23, 2014, made after a nonjury trial, equitably distributed marital assets. The judgment of divorce, insofar as cross-appealed from, failed to direct the defendant to transfer to the plaintiff any security deposits that the defendant collected from the tenants of certain rental properties which were directed to be transferred to the plaintiff pursuant to the judgment of divorce.
ORDERED that the judgment of divorce is modified, on the law and the facts, (1) by adding a provision thereto directing the parties to equally share the liability for any transfer taxes resulting from the transfer of marital assets to the plaintiff, and (2) by adding a provision thereto directing the defendant to transfer to the plaintiff any security deposits that the defendant collected from the tenants of the rental properties which were directed to be transferred to the plaintiff pursuant to the judgment of divorce; as so modified, the judgment of divorce is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
The plaintiff commenced this action for a divorce and ancillary relief against the defendant after 31 years of marriage. At a nonjury trial, the principal issue was the equitable distribution of rental properties in Queens, which were developed and managed by the defendant. In a judgment of divorce, the Supreme Court awarded the plaintiff an in-kind distribution of some of the rental properties, equal to approximately 45% of the total net equity value of the rental properties owned by the parties. The court directed that each party would "be responsible for the security deposits owed for their respective [rental] properties."
The defendant appeals from the judgment of divorce, arguing, inter alia, that the Supreme Court's in-kind award of rental properties to the plaintiff was an improvident exercise of discretion and failed to account for the tax consequences of that transfer. The plaintiff cross-appeals from the judgment of divorce, arguing that the court should have directed the defendant to transfer to her the security deposits that the defendant collected from the tenants of the rental properties which were directed to be transferred to her pursuant to the judgment of divorce.
"[A] trial court is vested with broad discretion in making an equitable distribution award, and unless it can be shown that the court improvidently exercised that discretion, its determination should not be disturbed" (Bernholc v Bornsteain, 72 AD3d 625, 628). "Moreover, where the determination as to equitable distribution has been made after a nonjury trial, the trial court's assessment of the credibility of witnesses is afforded great weight on appeal" (Aloi v Simoni, 82 AD3d 683, 685).
The Supreme Court's determination to distribute rental properties to the plaintiff in-kind, as opposed to awarding her a distributive award payable in installments, was not an improvident exercise of discretion. "Whether marital property shall be distributed or a distributive award shall be made in lieu of, or to supplement, facilitate or effectuate a distribution of marital property are matters committed by section 236 (part B, subd 5) of the Domestic Relations Law to the discretion of the Trial Judge in the first instance" (Majauskas v Majauskas, 61 NY2d 481, 493). The defendant's preference to retain ownership and control over all of the rental properties did not establish that an in-kind distribution was unnecessary, impracticable, or burdensome (see Blaise v Blaise, 206 AD2d 715, 716). However, the court should have directed that both parties equally share any transfer tax liability resulting from the transfers of rental properties to the plaintiff (see Hartog v Hartog, 85 NY2d 36, 52; Pappas v Pappas, 140 AD3d 838, 840).
Moreover, the plaintiff correctly contends that the Supreme Court should have directed the defendant to transfer to the plaintiff any security deposits that the defendant collected for the rental properties which were directed to be transferred to the plaintiff pursuant to the judgment of divorce (see General Obligations Law § 7-105).
The parties' remaining contentions are without merit.
MASTRO, J.P., BALKIN, HINDS-RADIX and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court