■ JOAN A. RICE, Respondent, v JOHN B. RICE, Appellant. [634 NYS2d 761] —In an action for divorce and ancillary relief, the husband appeals, as limited by his brief, from so much of a judgment of the Supreme Court, Westchester County (Rosato, J.), dated October 29, 1993, as (1) awarded the wife monthly maintenance of $2,000 and monthly child support of $2,400, (2) granted the wife exclusive possession of the marital residence, (3) awarded the wife a portion of her attorney's and expert witness's fees, and (4) valued and distributed the marital assets, including the husband's partnership in an accounting firm.

Ordered that the judgment is modified (1) by deleting the fourth, fifth and sixth decretal paragraphs thereof, (2) by deleting from the tenth decretal paragraph the sums $454,400 and $227,200 and substituting therefor the sums of $350,750 and $175,375, respectively, (3) by deleting from the tenth decretal paragraph everything after the words "as follows" and before the words "and it is further," and substituting therefor the following: the defendant shall pay to the plaintiff by January 10, 1996, the full balance of his capital account, i.e., $143,415, with the remaining balance to be paid to the plaintiff in equal monthly payments of $1,775, commencing on February 1, 1996, until the remaining balance of $31,960 is paid in full, and (4) by deleting from the nineteenth decretal paragraph the sum $8,750 and substituting therefor the sum $2,500; as so modified, the judgment is affirmed insofar as appealed from, without

costs or disbursements, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith. In the interim, the husband shall continue to pay child support of $2,400 a month and maintenance of $2,000 a month.

The husband and wife were married in 1970. At that time, the husband was employed by the accounting firm of Peat Marwick Mitchell, where he had started working in 1969 upon graduating from college, and the wife was teaching at St. Gabriel's School in the Bronx. Their first child, a daughter, was born, in 1974, at which time the wife stopped working outside the home. The same year, the husband started working for the accounting firm of Coopers & Lybrand, where he became a partner in 1979. Between 1974 and 1979, the family grew. A son was born in 1975, and another daughter was born in 1979. In 1985, the wife resumed teaching full time.

The parties agree that the trial court, in its findings of fact, did not correctly state the amount of the husband's yearly income. Although the erroneous figure was supplied by the husband, the court was aware that the amount it used, $343,575, represented the husband's gross income for the period from June 1, 1991, to September 30, 1992. Since the proper amount that should have been used by the court to calculate maintenance and child support is disputed and cannot be determined from the record, the matter is remitted to the Supreme Court, Westchester County. In addition, with respect to the child support calculation, the trial court failed to subtract from the parties' gross income the annual carrying charges on the marital residence before applying the statutory percentages to determine child support *(see, Linda R. H. v Richard E. H., 205 AD2d 498)*.

The trial court did not improvidently exercise its discretion by granting the wife exclusive possession of the marital residence until the youngest child finishes high school *(see, Poretsky v Poretsky, 176 AD2d 713, 714; Cusimano v Cusimano, 149 AD2d 397; Behrens v Behrens, 143 AD2d 617)*. It was not shown that either party is in immediate need of the proceeds from a sale of the marital residence, that comparable housing is available in the same area at a lower cost, or that the parties are financially incapable of maintaining the residence until the youngest child graduates from high school *(see, e.g., Kalisch v Kalisch, 184 AD2d 751, 754; Poretsky v Poretsky, supra)*.

The trial court did not improvidently exercise its discretion by directing the husband to pay a portion of the wife's counsel and expert witness fees in view of the disparity between the

husband's and wife's earning power *(see,* Domestic Relations Law § 237 [a]; *DeCabrera v Cabrera-Rosete,* 70 NY2d 879, 881; *Krinsky v Krinsky,* 208 AD2d 599, 600; *Hackett v Hackett,* 147 AD2d 611, 614). Even with the amount that was awarded, the wife still remains responsible for a large portion of those fees. However, it is unclear from the record whether the court intended that the wife should be responsible for the entire $35,000 that she paid to her first attorney or whether the court intended to reimburse her for the $6,250 that she withdrew from the parties' joint checking account to pay a retainer to her first counsel. Accordingly, the question of whether the husband is, as he contends, entitled to a credit for that amount, is remitted to the Supreme Court, Westchester County.

Contrary to the husband's contention, the trial court properly rejected his argument that the value of his partnership interest in Coopers & Lybrand should have been limited to the balance of his capital account, i.e., $143,415. Limiting the defendant's partnership interest to that amount, which measures the defendant's interest upon his withdrawal from Coopers & Lybrand, ignores the defendant's status as a continuing and productive partner in an ongoing enterprise *(see, Burns v Burns,* 84 NY2d 369, 375). There is no uniform method of fixing the value of an ongoing business for equitable distribution purposes *(see, Amodio v Amodio,* 70 NY2d 5, 7), and valuation is properly within the fact-finding power of the trial court *(see, Litman v Litman,* 61 NY2d 918, 920). Indeed, the capitalization-of-excess-earnings formula applied by the wife's expert has been accepted as an appropriate method of valuing an interest in professional partnership *(see, e.g., White v White,* 204 AD2d 825; *Finocchio v Finocchio,* 162 AD2d 1044).

Nonetheless, we conclude that the valuation of the husband's partnership interest by the wife's expert was excessive in view of the documented decline in the defendant's earnings since the commencement of this action. Indeed, the wife's expert conceded that his valuation would have been lower had he considered that trend. Accordingly, the capitalization rate proposed by the husband's expert should have been applied since it is more reflective of industry conditions than the higher rate proposed by the wife's expert, even among the large accounting firms. Substituting a rate of 2 for the rate of 3 employed by the wife's expert, we conclude that the husband's partnership interest is valued at $350,750, of which the wife's distributive award is $175,375.

The husband's remaining contentions are without merit. Santucci, J. P., Altman, Friedmann and Goldstein, JJ., concur. [As amended by unpublished order entered Mar. 25, 1996.]