■ ELAINE RUBIN, Respondent, v EDWARD RUBIN, Appellant. [690 NYS2d 742] —In an action for a divorce and ancillary relief,

the defendant husband appeals from so much of an order of the Supreme Court, Nassau County (Mahon, J.), entered June 11, 1998, as directed him to pay, *pendente lite,* all carrying charges of the former marital residence, the wife's automobile insurance, insurance premiums for the wife and the parties' child, 50% of the wife and child's unreimbursed medical expenses, $2,000 in counsel fees for the wife's attorney, and $2,000 in expert fees, and granted the wife leave to amend her complaint to seek a judgment for necessaries.

Ordered that the order is modified by (a) deleting the provisions thereof directing that the husband pay the wife's insurance premiums, and (b) deleting the provision thereof directing that the husband pay all the carrying charges of the marital residence and substituting therefor a provision directing that he pay one-half of the monthly mortgage principal and interest for the marital residence and one-half of the monthly real property taxes assessed against the marital residence; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Prior to the marriage, the parties entered into an antenuptial agreement in which each party waived a right to temporary and permanent maintenance or support after the institution of any matrimonial action. That agreement is controlling unless and until it is set aside (*see, Lobatto v Lobatto,* 186 AD2d 39; *Demis v Demis,* 155 AD2d 790). The Supreme Court erred in granting the wife temporary maintenance in the form of payment of her insurance premiums, and in directing that the husband fully pay the costs associated with the marital residence.

The agreement also provided that all property acquired by either party after the date of the marriage and prior to the commencement of an action for divorce is marital property, and that any debts acquired during the marriage are the joint obligations of the parties. The marital residence and its concomitant debt were acquired during the marriage, and constitute a joint obligation. Therefore, the husband is responsible for one-half of the mortgage principal, interest, and taxes on the marital residence.

The husband's remaining contentions are without merit. O'Brien, J. P., Santucci, Altman and H. Miller, JJ., concur.