■ JACQUELINE R. CALANDRA, Respondent, v MICHAEL A. CALANDRA, Appellant. [757 NYS2d 574] —In an action for a divorce and ancillary relief, the defendant appeals, by permission, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Falanga, J.), entered February 22, 2002, as, after a nonjury trial, granted the plaintiff's application for a distributive award of her share of the marital residence in the amount of $79,523.32, and for maintenance in the amount of $350 per week and related relief, denied his application for reimbursement for necessaries incurred on behalf of the parties' infant issue, awarded the plaintiff the sum of $25,000 for legal and expert fees, and awarded the plaintiff 50% of his pension proceeds.

Ordered that the order is modified, on the facts and as a matter of discretion, by (1) deleting the provisions thereof

granting those branches of the plaintiff's application which were for maintenance and to direct the defendant to maintain life insurance to secure his obligation to pay maintenance, and substituting therefor a provision denying those branches of the application, and (2) deleting the provision thereof directing that an award of child support of $6,503 to the defendant shall be credited against arrears of maintenance, and substituting therefor a provision directing that the award of child support of $6,503 shall be credited against the plaintiff's equitable distribution award; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties have lived separate and apart since 1986, when the plaintiff vacated the marital residence with the parties' youngest child, commenced a divorce action in the Supreme Court, Bronx County, and demanded maintenance. The parties' two older children remained with their father in the marital residence. After the Supreme Court, Bronx County, awarded custody of the parties' youngest child to his father by order entered December 11, 1986, the plaintiff took no further action to secure the relief she demanded.

In 1986, the plaintiff was employed full time as Director of Nursing at Forest Hills Nursing Home at a salary of approximately $42,000 per year. At that juncture she was self-supporting. Her salary continued to increase until 1992, when she was injured in an automobile accident. She received no-fault benefits for lost earnings. In 1994 she returned to work part time, earning $41,980. Meanwhile the defendant's annual income from his private law practice increased from $34,216 in 1993, to $145,490 in 1996.

In 1996, the plaintiff's divorce action pending in the Supreme Court, Bronx County, was dismissed for lack of prosecution. The instant action for divorce was commenced by the plaintiff on May 1, 1998. In her net worth statement dated December 22, 2000, the plaintiff claimed $1,072 per month in disability payments and $200 per month in income from part-time employment for a total of $15,264 per year. However, she acknowledged at the trial that she received an additional $600 per month from her employer for expenses. The plaintiff also acknowledged at the trial that she received $97,000 in settlement of her claims relating to the 1992 accident and received an additional $83,460.89 in settlement of an unrelated claim. She asserted that she had spent most of these funds, but did not substantiate her expenditures.

In his net worth statement, the defendant estimated his income for the year 2000 at $242,254. At trial, he estimated his income for 2001 would be $180,000.

The order appealed from awarded the plaintiff maintenance of $350 per week until the defendant reaches the age of 69 years, based upon the plaintiff's limited "future earning capacity" and the defendant's "superior financial ability" which "enables him to pay maintenance from his earnings." In its findings of fact, the trial court imputed income to her of $9,600 per year and found that her total income was $23,364 per year. The trial court further found that while the parties lived together as husband and wife, "both parties were gainfully employed" and the plaintiff "did not suffer any reduction or loss of lifetime earnings as a result of the marriage."

Under the particular circumstances of this case, we conclude that an award of maintenance to the plaintiff is inappropriate. The parties have lived separate and apart since 1986 when the plaintiff left the marital residence, commenced an action for divorce, and demanded maintenance. The plaintiff could have pursued her claim for maintenance in that action, even if she decided not to pursue her claim for a divorce (*see Garver v Garver,* 253 AD2d 512 [1998]; *Schildkraut v Schildkraut,* 223 AD2d 585 [1996]; *Blisko v Blisko,* 149 AD2d 127 [1989]). However, at that juncture, the plaintiff was clearly self-supporting, with no need for maintenance.

Although the parties' lengthy separation did not preclude the trial court from awarding the plaintiff maintenance as a matter of law (*see Sass v Sass,* 276 AD2d 42 [2000]), the evidence adduced by her did not justify an award of maintenance. She is in no danger of becoming a public charge. At the trial, she acknowledged unreported income and the trial court imputed income to her. The trial court found that the plaintiff "did not suffer any reduction or loss of lifetime earnings as a result of the marriage." Further, the evidence indicated that she was concealing substantial assets.

The trial court properly credited the defendant with one half of the mortgage and home improvement loan payments he made on the marital residence (*see Rubin v Rubin,* 262 AD2d 390 [1999]; *Martusewicz v Martusewicz,* 217 AD2d 926 [1995]).

The defendant's remaining contentions are without merit. Altman, J.P., Goldstein, Luciano and H. Miller, JJ., concur.