■ DEBRA RUBINO, Appellant, v DANIEL RUBINO, Respondent. [772 NYS2d 377]—

In an action for a divorce and ancillary relief, the plaintiff wife appeals from an order of the Supreme Court, Westchester County (Spolzino, J.), dated November 12, 2002, as amended by an order dated December 11, 2002, which, in effect, denied her motion for partial summary judgment determining that accounts receivable and work-in-progress are not to be considered in establishing the value of the defendant husband's partnership interest in his law firm.

Ordered that the order, as amended, is reversed, on the law, with costs, the motion is granted, and accounts receivable and work-in-progress are to be considered in establishing the value of the defendant husband's partnership interest in his law firm.

The parties were married in 1982. Shortly thereafter, the husband began working for the law firm of Willkie Farr & Gallagher (hereinafter WF&G) as an associate. In 1991, he was admitted into the partnership, specializing in corporate law. He continues in this position. On February 24, 2000, the plaintiff wife commenced this action for divorce.

It is undisputed that the value of the husband's partnership interest in the firm is subject to equitable distribution. The sole issue on this appeal is the valuation of that interest.

On the consent of the parties, a reputed valuation expert was appointed to conduct an analysis and determine the fair market value of the husband's partnership interest in WF&G as of February 24, 2000. Determining that the firm's partnership agreement did not provide a reasonable basis for valuation because the withdrawal provisions of the agreement did not provide for any income-based payout but only return of capital, the expert relied on the excess earnings method and arrived at a value of $1,500,000, representing $798,000 in goodwill and $728,000 in net tangible assets. The husband objected, arguing that accounts receivable and work-in-progress, which the expert valued at $550,000, should not have been included as an asset because, pursuant to WF&G's partnership agreement, upon his withdrawal from the firm, he is entitled only to a return of his capital account.

The issue was presented to the Supreme Court for resolution in the form of a pretrial motion for partial summary judgment by the wife. The Supreme Court determined that accounts receivable and work-in-progress should not be considered in determining the value of the husband's share of the law firm's net tangible assets. We disagree.

The withdrawal provisions of the WF&G partnership agreement do not provide a reasonable basis for valuation because to "limit defendant's interest to the capital account . . . ignore[s] defendant's status as a continuing and productive partner in an ongoing enterprise" (*Burns v Burns,* 84 NY2d 369, 375 [1994]; *see Rice v Rice,* 222 AD2d 493, 495 [1995]; *Harmon v Harmon,* 173 AD2d 98, 106-107 [1992]). While there is no uniform method for fixing the value of an ongoing business for equitable distribution purposes (*see Burns v Burns, supra; Amodio v Amodio,* 70 NY2d 5, 7 [1987]), this Court, and others, have found the excess earnings method appropriate to value an interest in a

professional partnership (*see Douglas v Douglas,* 281 AD2d 709, 711-712 [2001]; *Rice v Rice, supra; White v White,* 204 AD2d 825, 826 [1994]; *Finocchio v Finocchio,* 162 AD2d 1044 [1990]). Applying the excess earnings method to this case, accounts receivable and work-in-progress must be included in establishing the value of the husband's partnership interest in his law firm. Only by doing so can the husband's interest in an ongoing concern be taken into consideration (*see Wadsworth v Wadsworth,* 219 AD2d 410, 414 [1996]; *Harmon v Harmon, supra; Stolowitz v Stolowitz,* 106 Misc 2d 853, 858-859 [1980]). Contrary to the Supreme Court's conclusion and the husband's contention, such methodology does not result in double counting.

The parties' remaining contentions are without merit. Altman, J.P., Goldstein, Crane and Mastro, JJ., concur.