■ CAROLYN NOACH, Appellant, v GIDEON NOACH, Respondent. [861 NYS2d 946]—In an action for a divorce and ancillary relief, the plaintiff appeals (1) from a judgment of the Supreme Court, Putnam County (O'Rourke, J.), dated August 8, 2007, which, upon an order of the same court dated June 25, 2007, granting her application for a money judgment, is in favor of her and against the defendant in the sum of only $92,500, representing her equitable distribution of the appreciation of the marital residence, and (2), as limited by her brief, from so much an order of the same court dated September 17, 2007, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated June 25, 2007, is deemed a premature notice of appeal from the judgment (*see* CPLR 5520 [c]); and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the order dated September 17, 2007, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the respondent.

When interpreting a contract, such as a prenuptial agreement (*see Bloomfield v Bloomfield*, 97 NY2d 188, 193 [2001]; *Slatt v Slatt*, 64 NY2d 966, 967 [1985]), "the court should arrive at a construction that will give fair meaning to all of the language employed by the parties to reach a practical interpretation of the expressions of the parties so that their reasonable expectations will be realized" (*Matter of Schiano v Hirsch*, 22 AD3d 502, 502 [2005]; *see Kass v Kass*, 91 NY2d 554, 566 [1998]; *Rainbow v Swisher*, 72 NY2d 106, 109 [1988]; *Clark v Clark*, 33 AD3d 836, 837 [2006]; *Sieratzki v Sieratzki*, 8 AD3d 552, 554 [2004]). Under the circumstances of this case, the plaintiff's contentions regarding the equitable award are without merit (*see Sherman v Sherman*, 304 AD2d 744 [2003]; *Rubin v Rubin*, 262 AD2d 390, 391 [1999]; *Goddard v Goddard*, 256 AD2d 545, 547 [1998]). Rivera, J.P., Lifson, Covello and Balkin, JJ., concur.