■ DONALD J. SCHWARTZ, Respondent-Appellant, v HELEN SCHWARTZ, Appellant-Respondent. [864 NYS2d 35]—

Motion by the respondent-appellant to reargue the appellant-respondent's motion, in effect, to resettle a decision and order of this Court dated December 4, 2007, which determined an appeal and a cross appeal from a judgment of the Supreme Court, Nassau County, entered March 15, 2006, which motion was determined by decision and order on motion of this Court dated January 22, 2008.

Upon the papers filed in support of the motion and the papers filed in opposition thereto, it is

Ordered that the motion is granted; and it is further,

Ordered that the decision and order on motion of this Court dated January 22, 2008 (47 AD3d 795 [2008]) is recalled and vacated, and the following decision and order is substituted for the decision and order of this Court dated December 4, 2007 (*Schwartz v Schwartz,* 46 AD3d 540 [2007]):

In an action for a divorce and ancillary relief, the defendant appeals, as limited by her brief, from stated portions of a judg-

ment of the Supreme Court, Nassau County (Diamond, J.), entered March 15, 2006, which, upon an amended decision of the same court dated November 16, 2005, and a second amended decision of the same court dated February 7, 2006, made after a nonjury trial, inter alia, awarded the plaintiff credit for all of the carrying charges for the parties' vacation home located in Florida paid during the pendency of the action, awarded her only 35% of the value of the plaintiff's interest in his law practice, and awarded her durational maintenance for only 10 years, and the plaintiff cross-appeals, as limited by his brief, from stated portions of the same judgment which, inter alia, awarded the defendant 35% of the value of his interest in his law practice and, without a hearing, awarded the defendant the sum of $33,838.75 as an attorney's fee.

Ordered that the judgment is modified, on the law and the facts, by deleting from the third decretal paragraph thereof the words "all carrying charges actually paid by plaintiff to and on behalf of defendant" and substituting therefor the words "one half of the carrying charges actually paid by plaintiff to and on behalf of defendant with respect to the parties' vacation home located in Florida and all of the carrying charges actually paid by plaintiff to and on behalf of defendant with respect to the parties' home located in Oceanside, New York"; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.

The parties were married in August 1973 and the plaintiff commenced this action in February 2003. For many years, the husband has been a partner in a mid-sized Nassau County law firm, while the wife has not been employed since 1977, following the birth of the parties' son. In April 2005 the parties entered into a stipulation equally dividing the proceeds of the sale of the marital home, savings accounts, investment accounts, and retirement accounts. Pursuant to this stipulation, each of the parties will receive the sum of approximately $800,000 in liquid assets and retirement accounts. The matter proceeded to a trial, inter alia, on the issues of the proper amount and duration of the husband's maintenance obligation to the wife, the distribution of the proceeds from the sale or buyout of the parties' vacation home in Florida, and the amount of the wife's share of the value of the husband's interest in his law practice.

The second amended decision after trial provided that the husband would receive credit, against his retroactive maintenance obligation, for payments he made for "all carrying charges" he was required to pay pursuant to a pendente lite order of the Supreme Court, Nassau County (Woodard, J.) dated

August 27, 2003. In pertinent part, that pendente lite order directed the husband to pay all carrying charges for the parties' two marital residences, their vacation home in Florida and their home in Oceanside, New York. On appeal, as limited by her brief, the wife does not seek relief from so much of the judgment as awarded the husband full credit for all carrying charges he paid on the marital residence in Oceanside, New York, for which she was awarded exclusive occupancy. Accordingly, our modification of the judgment appealed from does not alter the determination to award the husband full credit for his payment of the carrying charges for the home in Oceanside, New York. However, because the parties each have a one-half ownership interest in the vacation home in Florida and neither party was granted exclusive occupancy of that home, we reduce the credit awarded to the husband, with respect to the vacation home in Florida, to one half of the carrying charges he paid to and on behalf of the defendant, from the commencement of the action to the commencement of the trial in January 2005 (*see Calandra v Calandra,* 303 AD2d 704, 706 [2003]; *Rubin v Rubin,* 262 AD2d 390 [1999]). Because the wife did not dispute, at trial, the husband's testimony that he had paid the sum of $75,140.03 in carrying charges for the vacation home in Florida from the time he commenced the action until the commencement of the trial, we reject the wife's contention that a hearing is required on the amount of carrying charges expended by the husband.

Further, given the parties' long marriage and the wife's role during the early years of the marriage as the primary caretaker of the parties' son, which allowed the husband, at one time, to earn the third-highest share of profits at his law firm, and in light of evidence that the wife's conduct toward the husband in the latter years of their marriage harmed the husband's status at the law firm and reduced his salary and profits at the law firm, the Supreme Court providently exercised its discretion in awarding the wife 35% of the value of the husband's interest in his law practice (*see* Domestic Relations Law § 236 [B] [5] [d] [6]; *O'Brien v O'Brien,* 66 NY2d 576, 584-585 [1985]). Contrary to the wife's contention, it was not an improvident exercise of discretion for the Supreme Court not to award her prejudgment interest on her share of the husband's interest in his law practice, as there is no evidence of misconduct by the husband that deprived her of her use or share of marital property (*see Haymes v Haymes,* 298 AD2d 117, 118 [2002]; *cf. Lipsky v Lipsky,* 276 AD2d 753, 754 [2000]). Moreover, even if the husband preserved, for appellate review, his contention that the testimony of the wife's law firm valuation expert should have been precluded, his contention is without merit, as the expert's

use of "excess earning methodology" is an acceptable means of valuing a professional partnership (see Rubino v Rubino, 4 AD3d 516, 517-518 [2004]).

The husband waived his right to a hearing on the wife's request for the award of an attorney's fee (see Messinger v Messinger, 24 AD3d 631, 632 [2005]; Sieratzki v Sieratzki, 8 AD3d 552, 554-555 [2004]; Bengard v Bengard, 5 AD3d 340, 341 [2004]; Roshevsky v Roshevsky, 267 AD2d 293 [1999]). The Supreme Court's award to the wife of the sum of $33,838.75 as an attorney's fee was a provident exercise of its discretion (see Domestic Relations Law § 237 [a]; Herzog v Herzog, 18 AD3d 707, 709 [2005]).

The parties' remaining contentions are without merit. Prudenti, P.J., Fisher, Angiolillo and McCarthy, JJ., concur.