■ WILMA URIBE, Appellant, v LUIS A. URIBE, Respondent. [995 NYS2d 225]—

In an action to enforce a judgment of divorce of the Circuit Court of Fairfax County, Virginia, entered December 2, 2008, which the plaintiff later filed in Queens County pursuant to CPLR article 54, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Raffaele, J.), dated September 26, 2012, as denied those branches of her cross motion which were for awards of prejudgment interest pursuant to Domestic Relations Law § 244 on certain payments to be made pursuant to the parties' stipulation of settlement, which was incorporated but not merged into the judgment of divorce, and for an award of an attorney's fee in connection with those branches of her cross motion based upon the defendant's alleged willful conduct, and thereupon, vacated its prior determination that the defendant's conduct was willful.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff and the defendant were divorced by a Virginia judgment of divorce entered December 2, 2008, which incorporated, but did not merge with, a separation agreement executed by them. Pursuant to the terms of the separation agreement, the defendant agreed, inter alia, to sell his ownership interest in two taxi medallions issued by the New York City Taxi and Limousine Commission and divide the proceeds equally with the plaintiff. If that sale did not occur within a year of execution of the agreement, the parties agreed to share the revenue received by the defendant from the medallions until that sale occurred. Separately, the defendant was obligated to pay the plaintiff the sum of $180,000 as a distinct "monetary award." This payment was to be made within one year of execution of the separation agreement or after the defendant sold his interest in the taxi medallions, whichever occurred first. If the $180,000 payment

were not made within one year of execution of the agreement, the defendant agreed to list for sale certain real property in Woodside, which was jointly owned by the parties, and to pay the plaintiff $180,000 from the proceeds of that sale. The settlement agreement provided that if legal action were undertaken to enforce its terms, the prevailing party would be entitled to recover from the other party legal fees incurred as a result thereof.

In March 2010, the plaintiff filed the Virginia judgment of divorce in Queens County pursuant to CPLR article 54 and commenced this action to enforce it. By order to show cause dated April 5, 2010, the plaintiff moved, inter alia, for the appointment of a receiver with respect to certain property addressed in the settlement agreement, and for an award of an attorney's fee pursuant to the agreement. The defendant failed to respond, and the Supreme Court issued an order dated July 23, 2010, which, among other things, determined that the defendant had failed to comply with the terms of the separation agreement, granted that branch of the plaintiff's motion which was to appoint a receiver to sell his ownership interest in the taxi medallions, and directed a hearing on that branch of the plaintiff's motion which was to hold the defendant in civil contempt. The plaintiff served notice of this order and the contempt hearing on the defendant, who was then residing in Medellin, Colombia. At the hearing, held on October 28, 2010, the defendant failed to appear personally or by counsel. The court determined that the defendant's conduct was willful, appointed a receiver to sell the Woodside property and distribute $180,000 from the sale proceeds to the plaintiff, and awarded her an attorney's fee in the amount of $10,550 to be paid from those proceeds.

In April 2011, the receiver moved for authorization to distribute the proceeds of the sale of the defendant's ownership interest in the taxi medallions, and for approval of a contract of sale for the Woodside property. The plaintiff cross-moved, inter alia, for awards of prejudgment interest pursuant to Domestic Relations Law § 244 on her share of the proceeds of the taxi medallion sale and her distributive award of $180,000, as well as for an additional attorney's fee incurred in connection with those branches of her cross motion. In opposition, the defendant asserted, among other things, that the co-owners of the taxi medallions had engaged in conduct which delayed the sale.

By stipulation dated May 12, 2011, the parties authorized the receiver to release to the plaintiff $370,198.39 representing her share of the proceeds of the taxi medallion sale, her distributive

award of $180,000, $7,954.50 representing reimbursement for mortgage payments she made to prevent default on the mortgage on the Woodside property, $129.45 representing interest on those payments, and the previously-awarded attorney's fee in the amount of $10,550, totaling $568,832.34.

In the order appealed from, dated September 26, 2012, the Supreme Court, noting that much of the plaintiff's cross motion had been resolved by the stipulation, denied those branches of her cross motion which were for awards of prejudgment interest pursuant to Domestic Relations Law § 244 and an additional attorney's fee. The court also vacated, "in the interest of justice," its earlier determination, made upon the defendant's failure to appear at the contempt hearing, that the defendant's conduct was willful.

The plaintiff was compensated as provided for by the terms of the parties' separation agreement, which failed to specify a precise date when certain amounts became due and did not require that interest be paid after such date. Accordingly, the Supreme Court properly exercised its discretion in denying those branches of the plaintiff's cross motion which were for awards of prejudgment interest pursuant to Domestic Relations Law § 244 (*see Desautels v Desautels*, 80 AD3d 926 [2011]; *Schwartz v Schwartz*, 54 AD3d 400 [2008]; *Rubin v Rubin*, 1 AD3d 220 [2003]; *Wagner v Dunetz*, 299 AD2d 347 [2002]; *cf. Lipsky v Lipsky*, 276 AD2d 753 [2000]; *Vicinanzo v Vicinanzo*, 233 AD2d 715, 716 [1996]).

Under the circumstances of this case, the Supreme Court properly exercised its discretion in vacating, in the interest of justice, its prior determination, made upon the defendant's failure to appear at the contempt hearing, that the defendant's conduct was willful, since, among other things, the sales of the taxi medallions and the Woodside property were delayed, in part, for reasons outside the defendant's control (*see Woodson v Mendon Leasing Corp.*, 100 NY2d 62, 68 [2003]).

Since the plaintiff had already been awarded an attorney's fee in connection with enforcement of the separation agreement, the Supreme Court properly denied that branch of her cross motion which was for an award of an additional attorney's fee. Balkin, J.P., Leventhal, Maltese and Barros, JJ., concur.