■ In the Matter of ADRIAN BODE, Appellant, v DAVID K. BODE, Respondent. [678 NYS2d 648] —In a proceeding pursuant to Family Court Act article 4 to enforce the child support provisions contained in a divorce judgment dated August 13, 1986, requiring the father to pay $140 per week for the support of the parties' two children, the mother appeals from (1) an order of the Family Court, Orange County (Bivona, J.), entered December 9, 1997, which sustained her objections to an order of the same court (Braxton, H.E.), dated September 22, 1997, reducing the father's child support obligation to $100 biweekly for one child only to the extent of modifying that order to provide that the father's obligation for child support would be $100 per week for two children, and (2) an amended order of the same court (Bivona, J.), entered December 22, 1997, which provided that the child support payment was $100 biweekly for two children.

Ordered that the appeal from the order entered December 9, 1997, is dismissed, without costs or disbursements, as that order was superseded by the order entered December 22, 1997; and it is further,

Ordered that the order entered December 22, 1997, is reversed, without costs or disbursements, and the petition to enforce the child support provisions contained in the divorce judgment dated August 13, 1986, requiring the father to pay $140 per week for the support of the parties' two children is granted, and the matter is remitted to the Family Court, Orange County, for further proceedings consistent herewith.

By petition dated May 6, 1997, the mother sought to enforce the child support provision contained in a judgment of divorce of the Supreme Court, Orange County, dated August 13, 1986, wherein the father was directed to pay the sum of $140 per week for the support of the parties' two children. Following a hearing, the Hearing Examiner reduced the father's child support obligations to "$100 biweekly for one child" and directed him to pay 50% of the college tuition expenses for both children. Upon the mother's objections to that reduction in child support, the Family Court modified the Hearing Examiner's order to the extent that it directed that child support was to be $100 bi-weekly for the parties' two children.

We find no substantial change in circumstance to warrant a downward modification of the father's support obligation pursuant to the divorce judgment (*see, Nordhauser v Nordhauser,* 130 AD2d 561). Further, under the circumstances of this case, the father is not entitled to a reduction in his support obligations because he is now required to finance one-half of the

children's college tuition expenses (cf., Reinisch v Reinisch, 226 AD2d 615). Accordingly, the father is required to pay child support in the amount of $140 per week for the parties' two children, as was directed in the judgment of divorce, and the mother is entitled to enforcement of those provisions. O'Brien, J. P., Santucci, Krausman and Goldstein, JJ., concur.