■ ELLEN FINKELSTEIN, Respondent, v BARRY FINKELSTEIN, Appellant. [701 NYS2d 52] —Judgment, Supreme Court, New York County (Jacqueline Silbermann, J.), entered on or about August 31, 1998, which, inter alia, distributed the parties' marital property, and directed defendant to pay plaintiff permanent lifetime maintenance of $5,000 a month, child support of $2,835 a month, and attorneys' fees, unanimously affirmed, without costs. Order, same court and Justice, entered January 8, 1999, which, inter alia, granted plaintiff judgment in the amount of $155,785.60, representing a tax loss carry forward, unanimously modified, to the extent of reducing judgment to $70,000, and otherwise affirmed, without costs.

The record supports the trial court's determination that the appreciation in defendant's IRA and "Aberdeen Account" was passive in nature, and that the valuation of these assets should therefore be made as of the time of trial (see, Greenwald v Greenwald, 164 AD2d 706, 716, lv denied 78 NY2d 855). Furthermore, the IRA was properly valued as of mid-trial, in November 1997, rather than as of the commencement of trial, in August 1997, where the more current valuation was war-

ranted so as to avoid a windfall to defendant. The trial court's rejection of defendant's claim that he actively managed these accounts, largely a finding of credibility, was based on a reasonable view of the evidence, including defendant's own testimony that he scaled back his trading activity after commencement of the action, testimony by plaintiff and the principal at the brokerage firm where defendant traded, and the minimal level of activity in the two accounts after commencement of the action as compared to the activity before commencement of the action.

This brings us to the issue regarding the capital loss carry forward.

Marital property, which is broadly construed to consist of "things of value arising out of the marital relationship", is not a traditional property concept (*O'Brien v O'Brien*, 66 NY2d 576, 583; *see, e.g.*, *Elkus v Elkus*, 169 AD2d 134, *lv dismissed* 79 NY2d 851). We therefore conclude, as did the trial court, that a capital loss carry forward accumulated by the parties constituted a marital asset subject to distribution (*but see, Cerretani v Cerretani*, 221 AD2d 814, 816-817). Here, plaintiff's accountant testified that a tax loss carry forward is valuable since it could be used to reduce her tax liability. We disagree, however, with the trial court's conclusion that plaintiff established that the value of this asset was $155,785.60. In this regard, the only definitive value placed on this asset by plaintiff's accountant was $70,000, which represented the reduction in taxes that plaintiff would have had for the years 1996 and 1997. While plaintiff notes that there would still be a balance remaining of the tax loss carry forward that could be used in future years, she fails to identify any testimony by her accountant establishing that value. We note that, to the extent plaintiff's attorneys opined in a post-trial letter that "[they] believe that [$155,785.60] approximately equals the federal and state tax benefit plaintiff would realize from her share of the carryforward," this was not competent to establish the increased value.

The award of nondurational monthly maintenance of $5,000, after consideration of the factors listed in Domestic Relations Law § 236 (B) (6) (a), was an appropriate exercise of discretion. Plaintiff's ability to become self-supporting does not obviate the need for the court to consider the predivorce standard of living and is not, in and of itself, a bar to lifetime maintenance (*see, Hartog v Hartog*, 85 NY2d 36, 52).

The trial court properly disregarded the child's resources in directing that defendant pay a share of the child's college ex-

penses, upon a finding that the parties never used nor intended to use the child's resources in paying for his college education (*see, Malamut v Malamut*, 133 AD2d 101, 103). Since plaintiff alone paid for the children's educational expenses, and given defendant's financial resources, it was a proper exercise of discretion not to credit defendant with a reduction in child support now that he too is required to pay for college expenses (*see, Matter of Bode v Bode*, 254 AD2d 355). In determining that defendant should pay $2,835 a month in child support, the court properly set forth the factors considered pursuant to Domestic Relations Law § 240 (1-b) (f) in applying the statutory formula to the combined parental income over $80,000. While it is true that the court did not explicitly specify the income it was imputing to each of the parties, the underlying basis for the court's conclusion is apparent from the record.

The award of attorneys' fees was an appropriate exercise of discretion (*see, DeCabrera v Cabrera-Rosete*, 70 NY2d 879, 881; *Koerner v Koerner*, 170 AD2d 297).

We have considered defendant's remaining arguments and find them unavailing. Concur—Williams, J. P., Ellerin, Wallach, Buckley and Friedman, JJ.