ROBERT M. RUBIN, Respondent, v ROBIN K.W. RUBIN, Appellant. [767 NYS2d 96]—

Amended judgment, Supreme Court, New York County (Joan Lobis, J.), entered August 8, 2002, after a nonjury trial, which granted the parties a divorce, distributed the marital property and awarded child support, and order, same court and Justice, entered April 2, 2003, which, inter alia, denied defendant's motion for resettlement and modification of the amended judgment, unanimously modified, on the law and the facts, to grant defendant's motion for resettlement and modification to the

extent of increasing defendant's distributive award by $1,574,805, and otherwise affirmed, without costs. Order, same court and Justice, entered January 7, 2003, which, inter alia, denied, in part, defendant's motion for additional counsel fees, unanimously affirmed, without costs.

The trial court correctly found more persuasive the valuations offered by the court-appointed neutral appraisers with regard to plaintiff's ownership interest in AIGTG, the Paris apartments, the projections regarding the BRRC golf club and residential development project and his art and antiques collection. Rejection of almost all the opinions of defendant's retained appraisers justified denial of her motion to increase counsel fees to pay those experts.

The underlying basis for the trial court's award of child support, in accordance with the Child Support Standards Act (Domestic Relations Law § 240 [1-b]), is sufficiently clear from the August 2000 pendente lite decision, which was incorporated in the amended judgment, and is part of the appellate record (see *Finkelstein v Finkelstein*, 268 AD2d 273, 275 [2000], *lv denied* 96 NY2d 703 [2001]).

With regard to plaintiff's capital loss carryforward, there is insufficient evidence of that asset's value to defendant to support a distribution of any portion of the asset to her. Courts cannot be expected to speculate on such calculations (see *Culnan v Culnan*, 142 AD2d 805 [1988], *lv dismissed* 73 NY2d 994 [1989]).

Defendant's contention that she is entitled to prejudgment interest was properly rejected by the trial court. There is no automatic entitlement to prejudgment interest, under CPLR 5001, in matrimonial litigation, and no award was warranted here. We note in this connection the absence of evidence that misconduct on plaintiff's part deprived defendant of marital property (see *Haymes v Haymes*, 298 AD2d 117, 118 [2002]).

Finally, the record establishes that the primary residence of the parties' eight-year-old child is in Manhattan, where she goes to school and lives for most of the year. Defendant has not established entitlement to the Southampton home on First Neck Lane, which was essentially a weekend and summer vacation residence, and was part of plaintiff's separate property, due to his ownership of it prior to the marriage.

We modify only to correct three errors in the amended judgment, undisputed in substance. First, plaintiff does not deny receiving a duplicate separate property credit for renovating the First Neck Lane residence, resulting in a $246,132 reduction in defendant's distributive award. Second, while plaintiff was

entitled to retain intact his vintage automobile collection, defendant should have received her 40% interest in the value of that collection, thus increasing her distributive award by an additional $538,000. And finally, plaintiff conceded, before the trial court, that defendant was inadvertently shortchanged a separate property credit in the amount of $790,673. Accordingly, the motion for resettlement and modification should have been granted in part, and the amended judgment modified to increase defendant's distributive award by $1,574,805.

We have considered defendant's remaining arguments and find them unavailing. Concur—Nardelli, J.P., Tom, Mazzarelli and Marlow, JJ.