Order, Supreme Court, New York County (Laura E. Drager, J.), entered January 16, 2013, which, to the extent appealed from, granted defendant wife’s application for an award of damages and directed plaintiff husband to pay her $475,000 per year for 2009, 2010, and 2011, less a credit of $175,000 for payments made to the wife in each of those years, and $475,000 for calendar year 2012, less a credit of any sums paid to the wife for a summer rental that year, plus prejudgment interest of 3%, unanimously affirmed, without costs.
Paragraph 4e of the parties’ modification agreement provides, in relevant part, that the wife shall have “exclusive use and possession of the East Hampton Residence . . . until September 30, 2017 or her earlier remarriage or cohabitation with an unrelated male.” We find that the plain language of this provision reflects the parties’ intent that the wife have exclusive use and possession of the East Hampton residence until the September 30, 2017 expiration date, or until the occurrence of one of the *585 noted events (see Greenfield v Philles Records, 98 NY2d 562, 569 [2002]). There is no interpretation that supports the husband’s contention that the modification agreement limits the wife’s use and possession of the East Hampton residence to summers only. The husband’s reliance on various provisions in paragraph 4e fails to lend support to his contention.
The motion court properly found that the wife’s damages were measurable for the husband’s breach of the modification agreement, where he leased the East Hampton residence to third parties during the wife’s period of exclusive use and possession. There was no basis for requiring the wife to prove how many times or on which occasions during the course of each year she would have actually used the property if it had been made available. The fair market rental value of the property is the proper measure of damages, and is evidenced by the actual rent of $475,000 per year received by the husband (see Bremer v New York Cent. & Hudson Riv. R.R. Co., 118 App Div 139, 142 [1st Dept 1907]; Freidus v Eisenberg, 123 AD2d 174, 177-178 [2d Dept 1986], affd as modified 71 NY2d 981 [1988]).
The court’s award of prejudgment interest was a proper exercise of its discretion (see CPLR 5001 [a]; Wyser-Pratte v Wyser-Pratte, 68 AD3d 624, 626 [1st Dept 2009]).
We have considered the husband’s remaining contentions and find them unavailing.
Concur — Gonzalez, P.J., Mazzarelli, Renwick, Feinman and Gische, JJ.