*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered: December 1, 2016            522274
_____

THOMAS J. FORI,
                    Appellant,

        v                                    MEMORANDUM AND ORDER

LYNNE V. FORI,
                    Respondent.
_____

Calendar Date:  October 12, 2016

Before:  Peters, P.J., McCarthy, Lynch, Rose and Mulvey, JJ.

_____

        David R. Sheridan, Delmar, for appellant.

        Gordon, Tepper & DeCoursey, LLP, Glenville (Jennifer P. Rutkey of counsel), for respondent.

_____

Peters, P.J.

        Appeal from a judgment of the Supreme Court (Elliot III, J.), entered June 4, 2015 in Greene County, which partially denied plaintiff's motion to enforce the terms of a stipulation of settlement.

        Plaintiff (hereinafter the husband) and defendant (hereinafter the wife) were married in 1965 and this divorce action was commenced in 2009.  In September 2013, the parties entered into a separation agreement which, among other things, required the wife to pay the husband a distributive award in the amount of $216,393.36 by October 3, 2013.  When she failed to do so, the husband moved to enforce the separation agreement by directing the wife to tender the distributive award together with statutory interest from the date due.  Supreme Court, among other things, ordered the wife to pay the distributive award plus all

interest actually earned on that sum, but declined to award prejudgment interest pursuant to CPLR 5001. The husband appeals, arguing solely that Supreme Court erred in declining to impose prejudgment interest at the statutory rate.

We affirm. "There is no automatic entitlement to prejudgment interest, under CPLR 5001, in matrimonial litigation" (Rubin v Rubin, 1 AD3d 220, 221 [2003], lv denied 2 NY3d 706 [2004]; see Spathis v Spathis, 137 AD3d 654, 654 [2016]; Weinstein-Korn-Miller, NY Civ Prac ¶ 5001.01). Rather, the decision to award prejudgment interest in a matrimonial action, as well as the rate and date from which it shall be computed, are matters within the sound discretion of the trial court (see Pappas v Pappas, 140 AD3d 838, 840 [2016]; Wyser-Pratte v Wyser-Pratte, 68 AD3d 624, 626 [2009]; Lipsky v Lipsky, 276 AD2d 753, 754 [2000]; Selinger v Selinger, 250 AD2d 752, 753 [1998], lv dismissed and denied 92 NY2d 891 [1998]). Here, the record reflects that, following the execution of the separation agreement, issues arose regarding the accuracy of certain deeds and transfer documents prepared by the husband relative to the parcels of real property that were to be conveyed pursuant to the agreement. Such issues had not been resolved at the time of the husband's motion to enforce the agreement, the wife claiming that certain inaccuracies still remained within the relevant documents. Although the wife's obligation to tender the distributive award by the date prescribed in the separation agreement was not contingent upon the execution of the deeds transferring the real property, the wife explained that she had been advised by her attorney to withhold payment of the distributive award — which she had placed in a separate interest-bearing bank account — until the deeds were finalized and signed so as to ensure a contemporaneous exchange (cf. Parnes v Parnes, 41 AD3d 934, 937 [2007]; Allen v Allen, 83 AD2d 708, 709 [1981]). Under these circumstances, we cannot conclude that Supreme Court improvidently exercised its discretion in choosing to award the husband all interest actually earned on the distributive award rather than prejudgment interest pursuant to CPLR 5001.

McCarthy, Lynch, Rose and Mulvey, JJ., concur.

ORDERED that judgment is affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court