■ MARIA O'DONNELL, Also Known as MARIA DiGESU, Appellant, v JAMES O'DONNELL, Respondent. [61 NYS3d 321]—

Appeal from an order of the Supreme Court, Nassau County (Jeffrey A. Goodstein, J.), dated March 28, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for an award of statutory interest on a distributive award in the sum of $1,000,000, and granted that branch of the defendant's cross motion which was for a money judgment in the sum of $19,241.31, representing alleged excess payments of maintenance.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the defendant's cross motion which was for a money judgment in the sum of $19,241.31, and substituting therefor a provision denying that branch of the cross motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The parties were married on January 29, 1993, and were divorced by a judgment entered on March 26, 2015. The parties entered into a stipulation of settlement of their divorce action on March 17, 2014, in which the defendant agreed, among other things, to "pay the Wife a lump sum of $1,000,000 on or before September 30, 2014," to transfer certain real property to her, and to pay her maintenance in the sum of $4,000 per month for a period of five years.

In March 2014, the defendant transferred the real property due the plaintiff pursuant to the stipulation. In lieu of paying his maintenance obligation of $4,000 per month, the defendant

paid certain carrying charges on the real property, which totaled more than $91,000 for the 18-month period from April 1, 2014, through October 1, 2015. His maintenance obligation of $4,000 per month for that 18-month period totaled the sum of $72,000.

The judgment of divorce, entered on March 26, 2015, incorporated, but did not merge into the stipulation. At the time the judgment was entered, the defendant had not paid the $1,000,000 distributive award.

By order to show cause dated June 5, 2015, the plaintiff moved, inter alia, to compel the defendant to execute a confession of judgment, or in the alternative, for leave to enter a money judgment against him in the principal sum of $1,000,000 plus interest at the statutory rate of 9% per annum (see CPLR 5004). The defendant cross-moved, inter alia, for a money judgment for an alleged overpayment of maintenance in the sum of $19,241,31, representing the difference between the amount he paid in carrying charges and his maintenance obligation for the subject 18-month period. In opposition to the motion, the defendant produced a signed confession of judgment executed on March 17, 2014, which rendered the branch of the motion which was to compel the defendant to execute a confession of judgment academic. The confession of judgment made no provision for interest.

The defendant, in a sworn affidavit, stated that he paid the $1,000,000 in full on June 19, 2015. He claimed that he had been unable to pay the $1,000,000 until that time because he had to secure those funds by mortgaging the real properties which remained in his name.

The Supreme Court denied that branch of the plaintiff's motion which was for an award of statutory interest on the $1,000,000, because the stipulation of settlement did not provide for such interest. The court granted the defendant a credit for the alleged overpayment of maintenance of $19,241.31, on the ground that the plaintiff did not object to the defendant making those payments, therefore "it would be unjust and inequitable to allow the [plaintiff] to retain such additional money." The plaintiff appeals.

The plaintiff was not entitled to postjudgment interest, as the $1,000,000 distributive award was not explicitly set forth in the judgment of divorce, but, rather, was part of the stipulation of settlement that was incorporated by reference, but not merged, in the judgment of divorce. Though the plaintiff moved to reduce that award to a money judgment, the defendant paid the $1,000,000 distributive award while the plaintiff's motion was pending, thus avoiding postjudgment interest.

As to prejudgment interest, "[t]here is no automatic entitlement to prejudgment interest, under CPLR 5001, in matrimonial litigation" (*Rubin v Rubin*, 1 AD3d 220, 221 [2003]). The general rule in matrimonial actions is that the determination of whether to award prejudgment interest is a discretionary determination with the trial court (*see Pappas v Pappas*, 140 AD3d 838, 840 [2016]; *Lipsky v Lipsky*, 276 AD2d 753, 754 [2000]; *Morton v Morton*, 130 AD2d 558, 560 [1987]).

Domestic Relations Law § 244 provides, in pertinent part, that where a spouse in a divorce action "defaults in paying any sum of money as required by the judgment or order directing the payment thereof, or as required by the terms of an agreement or stipulation incorporated by reference in a judgment," the court, upon application, "shall make an order directing . . . entry of judgment for the amount of arrears of any other payments so directed . . . Such judgment shall provide for the payment of interest on the amount of any arrears if the default was willful," defined as a knowing, conscious, and voluntary disregard of the obligation.

In this case, where there was no finding of a willful default, and the amount was not reduced to a judgment, the denial of prejudgment interest was a provident exercise of discretion (*see Lundon v Lundon*, 120 AD3d 1395, 1397 [2014]; *Miklos v Miklos*, 39 AD3d 826, 828 [2007]).

However, the award to the defendant of $19,241.31, representing an alleged overpayment of maintenance, was improper. The recoupment of overpayments of maintenance and/or child support is generally against public policy, since those payments are deemed to have been spent for that purpose (*see Matter of McGovern v McGovern*, 148 AD3d 900 [2017]; *Rader v Rader*, 54 AD3d 919 [2008]). Further, voluntary payments are generally not credited against amounts currently due (*see McKay v Groesbeck*, 117 AD3d 810, 811 [2014]). The voluntary payments were made, at least in part, because the plaintiff was unable to satisfy certain mortgage liens on the real property transferred to her because the defendant did not transfer the $1,000,000 distributive award to her in a timely manner. Accordingly, the Supreme Court erred in granting that branch of the defendant's cross motion which was for leave to enter a money judgment in the sum of $19,241.31. Austin, J.P., Hinds-Radix, Duffy and Connolly, JJ., concur.