Horn v Horn (2018 NY Slip Op 08285)





Horn v Horn


2018 NY Slip Op 08285


Decided on December 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SANDRA L. SGROI
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-05849
 (Index Nos. 202300/09, 203405/10)

[*1]Melanie Horn, appellant, 
v
Michael Horn, respondent.


Foreht Associates, LLP, New York, NY (Stephen R. Foreht of counsel), for appellant.
Michael Horn, Delray Beach, Florida, respondent pro se.



DECISION & ORDER
In related matrimonial actions in which the parties were divorced by judgment dated August 11, 2014, the plaintiff appeals from an order of the Supreme Court, Nassau County (Sondra K. Pardes, J.), dated April 15, 2016. The order, insofar as appealed from, denied that branch of the plaintiff's motion which was for a Qualified Domestic Relations Order directing that payment in the sum of $195,204.29 be made to her from the defendant's retirement accounts.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced an action for a divorce and ancillary relief on August 29, 2009, seeking a divorce on the grounds of cruel and inhuman treatment. On November 22, 2010, after the amendment of Domestic Relations Law § 170, the plaintiff commenced a second action, also for a divorce and ancillary relief, seeking a divorce on the newly enacted ground of irretrievable breakdown (see Domestic Relations Law § 170[7], as added by L 2010, c 384, § 1). The two actions were joined for trial.
At the trial, the plaintiff sought distribution of certain retirement accounts held by the defendant, and the parties agreed that those assets should be valued as of August 29, 2009, the date of commencement of the first action. In a decision after trial dated February 5, 2014, the Supreme Court concluded that 100% of the subject accounts were marital property, and that they had an aggregate value at the time of the commencement of the first action of $173,435.80. A judgment dated August 11, 2014, directed that the retirement accounts be distributed under the principles of Majauskas v Majauskas (61 NY2d 481).
The plaintiff thereafter moved, inter alia, for a Qualified Domestic Relations Order (hereinafter QDRO) directing TD Ameritrade, Inc., to distribute to her the sum of $195,204.29 from the defendant's retirement accounts. That amount represents 50% of $390,408.58, which the plaintiff asserted was the effective value of the defendant's retirement accounts, after accounting for certain allegedly improper withdrawals on his part, at the time of judgment. The Supreme Court denied that branch of the motion, and the plaintiff appeals.
We agree with the Supreme Court's determination to deny that branch of the plaintiff's motion which was for a QDRO directing that payment in the sum of $195,204.29 be made to her from the defendant's retirement accounts. While the plaintiff attempts to cast her request in [*2]a different light, she effectively seeks 50% of the value of the subject accounts as of the date of the judgment. However, she is bound by the trial court's determination, made on her consent, to value the assets as of the commencement of the first action. Moreover, the valuation date of any asset must be between the date of commencement of the action and the date of trial (see Domestic Relations Law § 236[B][4][b]). The plaintiff could have, but did not, argue in favor of valuing the retirement accounts as of the date of trial (cf. Barbuto v Barbuto , 286 AD2d 741, 743-744; Finkelstein v Finkelstein , 268 AD2d 273, 273-274). Nor did she request prejudgment interest (see CPLR 5001; Selinger v Selinger , 232 AD2d 471, 473). Accordingly, we agree with the Supreme Court's determination that the plaintiff was entitled to 50% of the value of the subject retirement accounts as of August 29, 2009, as provided for in the decision after trial and judgment.
CHAMBERS, J.P., SGROI, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court