Hofmann v Hofmann (2019 NY Slip Op 04872)





Hofmann v Hofmann


2019 NY Slip Op 04872


Decided on June 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 18, 2019

Sweeny, J.P., Manzanet-Daniels, Kapnick, Oing, Singh, JJ.


312822/15 9638 9637

[*1]Philip A. Hofmann, Plaintiff-Respondent,
v
Dina F. Hofmann, Defendant-Appellant.


The McPherson Firm, PC, New York (Laurie J. McPherson of counsel), for appellant.
Garr Silpe, P.C., New York (Steven M. Silpe of counsel), for respondent.



Judgment of divorce, Supreme Court, New York County (Louis Crespo, Special Referee), entered July 13, 2018, insofar as it awarded defendant wife 25% of plaintiff husband's interest in certain shares and investments associated with his former employer (the Oaktree Assets), directed defendant to pay 50% of the taxes attendant to 2018 income derived from the Oaktree Assets, declined to reallocate certain marital funds spent pursuant to stipulations during the pendency of the action or to award defendant pendente lite support retroactive to the date of commencement, declined to award defendant post-divorce maintenance, and awarded defendant approximately 41% of her counsel fees, unanimously modified, on the law and the facts, to award defendant 50% of the marital value of the Oaktree Assets and credit her $6,500 for marital funds spent on plaintiff's security deposit, and otherwise affirmed, without costs. Appeal from order, same court and Referee, entered May 8, 2018, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
Defendant is entitled to 50% of plaintiff's interest in certain shares and investments he acquired during his employment at a global investment firm, Oaktree Capital Management LLC (Oaktree), where he worked for almost the entire duration of the parties' 16½ year marriage. The trial evidence establishes that plaintiff, while a top-level executive, was still an "at will" employee, who did not have a recognized "partnership interest" at Oaktree. Rather, he was given, as financial incentive for continued employment and compensation for his performance, the opportunity to purchase "indirect equity" in the company, which he paid for with marital funds, to receive a set percentage of "carried interest distributions" for specified funds under his management, and to make personal investments in institutional funds (collectively, the Oaktree Assets). As the Oaktree Assets constituted compensation, their marital value should be distributed in the same manner as the parties' other marital assets, rather than treated as a "closely held" business interest (see Lijun Feng v Jansche, 170 AD3d 409 [1st Dept 2019]).
Contrary to plaintiff's contention, the record supports the Referee's finding that defendant made significant contributions to the marriage as a parent and homemaker, allowing plaintiff to pursue his career and amass significant wealth. Accordingly, we modify the judgment to award defendant 50% of the value of the Oaktree Assets (see Greenwald v Greenwald, 164 AD2d 706, 715 [1st Dept 1991], lv denied 78 NY2d 855 [1991]).
In light of the foregoing, defendant's argument that the court erred in requiring her to pay 50% of the tax liability associated with the Oaktree Assets, when she was awarded only 25% of their value, is moot. The argument is in any event unavailing. The court reasonably apportioned equal tax liability to the parties before the equitable distribution of the Oaktree Assets, at which time their tax liability would shift in accordance with their distributive shares. Before the equitable distribution, the income derived from these assets was used equally by the parties to pay for marital expenses.
The Referee's denial of post-divorce maintenance to defendant is supported by the record, [*2]which shows that defendant's distributive award — now substantially increased — would generate cash flow sufficient to render her self-supporting (see Naimollah v De Ugarte, 18 AD3d 268, 271 [1st Dept 2005]; see also Grumet v Grumet, 37 AD3d 534, 535 [2d Dept 2007], lv denied 9 NY3d 818 [2008]).
We agree with the Referee's determination that defendant is not entitled to credits for plaintiff's use of marital funds. Pursuant to a so-ordered stipulation during the pendency of the action, the parties each took an advance against equitable distribution and agreed to pay for certain expenses, such as housing and automobile expenses, from marital income or assets. The Referee providently exercised his discretion in declining to reallocate these expenses, which the parties agreed were marital, particularly in light of defendant's distributive award. However, we find that defendant is entitled to 50% of plaintiff's security deposit, given the expectation that he will be refunded those monies. Accordingly, we modify to award defendant a credit of $6,500.
To the extent defendant seeks maintenance and child support retroactive to the commencement of the action, we find that it is not warranted (see Grumet, 37 AD3d at 536). Defendant never moved for pendente lite support. The parties entered into two stipulations in which they agreed that each would withdraw approximately $2.2 million against equitable distribution to use for personal and marital expenses, and there is no evidence that either defendant's or the children's needs were not met.
The Referee providently exercised his discretion in awarding defendant approximately 41% of her counsel fees, in view of her substantial distributive award and the evidence that payment of her remaining counsel fees will not affect her ability to meet her living expenses (see e.g. Wyser-Pratte v Wyser-Pratte, 68 AD3d 624, 626 [1st Dept 2009]). There is no support in the record for defendant's contention that she is entitled to a larger award because plaintiff's conduct was unreasonable.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 18, 2019
CLERK