Sebrell v Svet (2024 NY Slip Op 04115)

Sebrell v Svet

2024 NY Slip Op 04115

Decided on August 01, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: August 01, 2024

Before: Kern, J.P., Friedman, González, Shulman, JJ. 

Index No. 300174/06 Appeal No. 1469 Case No. 2023-04802 

[*1]Charles Nicolaj Sebrell, Plaintiff-Respondent,
v
Marie S. Svet, Defendant-Appellant.

Beldock Levine & Hoffman LLP, New York (Jonathan K. Pollack of counsel), for appellant.
The Pappalardo Law Group PLLC, White Plains (Samantha A. Rescigno of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered March 31, 2023, which, to the extent appealed from as limited by the briefs, granted plaintiff husband's motion to compel the enforcement of the parties' 2007 stipulation of settlement with respect to the former marital residence, awarded the husband a credit of $99,486.77 for the homeowner's insurance and property taxes paid on the marital property and a credit of $59,112.10 for the child's college tuition, and denied the wife's cross-motion in its entirety, unanimously modified, on the law and the facts, to the extent of vacating the $99,486.77 credit and the $59,112.10 credit and remanding the matter for recalculation of the credit owed the husband for the homeowner's insurance and property tax payments and for determination of whether the governing stipulation of settlement obligated the wife to pay 43% of their child's college tuition, thereby entitling the husband to a credit, and otherwise affirmed, without costs.
The parties were married in March 2000. Their daughter was born in November 2003. By stipulation of settlement dated June 14, 2007, the parties resolved the financial and custody issues of the marriage. The stipulation was subsequently incorporated but not merged into a final judgment of divorce entered December 7, 2007.
Article III, paragraph 7 of the stipulation granted the wife exclusive occupancy of the marital residence until it was sold. During the wife's exclusive occupancy, the husband was solely responsible for monthly mortgage payments, real estate taxes, and homeowner's insurance. Article VI, paragraph 2(c) of the stipulation provides that the husband is responsible for 57% of the costs of the daughter's college education, including tuition, room and board, and registration fees. The stipulation does not specify who will pay the remaining 43%. It is undisputed that the husband paid 100% of the daughter's tuition to date.
A stipulation of settlement that is incorporated, but not merged, into a judgment of divorce is a contract subject to the ordinary principles of contract construction and interpretation (see Rainbow v Swisher, 72 NY2d 106, 109 [1988]). Such a contract is interpreted in accordance with the intent of the parties. The best evidence of their intent is expressed in their written agreement (see Schron v Troutman Sanders LLP, 20 NY3d 430, 436 [2013]). Clear, unambiguous contractual terms must be enforced according to their plain meaning, and the court may not by construction add or excise terms to create a new contract for the parties under the guise of interpreting the writing (see Beinstein v Navani, 131 AD3d 401, 405 [1st Dept 2015]).
Initially, the parties agree that the husband is not entitled to any credit for the insurance and tax payments from 2007 to 2009 pursuant to article III, paragraph 7 of the parties' stipulation of settlement. The motion court properly concluded that the husband is entitled to at least some credit for the [*2]insurance and tax payments he had made after 2009. Contrary to the wife's argument, there is nothing in the language of the agreement imposing this obligation exclusively on the husband. Her equity arguments are unavailing since the parties actively negotiated the stipulation and were both represented by attorneys.
Nevertheless, the court erred by awarding the husband credit for the entire 2009-2022 period. The wife argued, and the husband's attorney acknowledged in court, that the insurance and real property tax payments were escrowed within the monthly mortgage payment, and the husband only began making separate payments in the last few years. Since the records submitted by the husband do not indicate when he began making direct payments toward both the insurance and property taxes, we remand for a recalculation of the amount of credit due to the husband for his payment of the homeowner's insurance and property taxes.
The parties further dispute whether the governing stipulation of settlement obligated the wife to pay 43% of their child's college tuition. Ordinarily, a spouse's voluntary payments for the benefit of the child should not be credited towards amounts due pursuant to a judgment of divorce (see McKay v Groesbeck, 117 AD3d 810, 811 [2d Dept 2014]). A spouse is nonetheless entitled to a credit for payments made to satisfy legal obligations owed by the other spouse (see id.; Gillings v Gillings, 56 AD3d 424, 425 [2d Dept 2008]).
In enacting the Child Support Standards Act (CSSA, codified at Domestic Relations Law § 240[1-b]), the Legislature promulgated detailed child support provisions based "on the premise that both parents share the responsibilities for child support" (L 1989, ch 567, § 1). Child support is calculated as a percentage of the parents' combined incomes that is thereafter "prorated in the same proportion as each parent's income is to the combined parental income" (Domestic Relations Law § 240[1-b][c]). The noncustodial parent typically pays their proportional share to the custodial parent, who incurs the remaining share of child expenses. Parents are, of course, free to assume additional obligations.
The stipulation recites, for purposes of the CSSA, that the statutory income for the husband was approximately $150,000, and for the wife was approximately $100,000.[FN1] The husband's proportion of the combined income was 60%. While acknowledging that, under CSSA standards, the husband's basic annual child support obligation would have been $25,500 per year, the parties agreed that the husband would pay the wife $2,350 per month, for a sum total of $28,200 per year.
Irrespective of their child support arrangements, parents are not obligated to pay their children's tuition, absent an agreement or order (see Domestic Relations Law § 240[1-b][c][7]; Otero v Otero, 222 AD2d 328, 329 [1st Dept 1995]). Here, the parties added a college tuition obligation to the child support provisions set forth in article VI of the stipulation[*3], making the husband responsible for payment of 57% of the cost of the daughter's college education. Article VI also makes the husband responsible for 57% of the child's unreimbursed medical expenses and 57% of the child's day care expenses. Viewed as a whole, the parties tailored a child support framework that makes the husband, as the noncustodial parent, responsible for approximately 60% of basic child support and 57% of the three enumerated categories, including college tuition, based on their combined income.
The arithmetic corollary to the husband's 57% obligation is that the wife is obligated to pay the remaining 43%. The stipulation thus implicitly recognized that, after subtracting the husband's share, the wife, as the custodial parent, would pay the remaining 43% of basic child support and enumerated expenses. This same logic is applicable to the allocation of the parties' shares of the child's college expenses, an obligation of their own making (see Rohrs v Rohrs, 297 AD2d 317, 318 [2d Dept 2002] ["Supreme Court properly directed the plaintiff to pay a proportionate share of the children's educational expenses"] [emphasis added]). The parties agree that the husband paid 100% of the child's tuition payments to date.
At oral argument on this appeal, the wife's counsel conceded that, in arguing before Supreme Court that Paragraph 2(c) of article VI should be modified based on her financial circumstances, the wife viewed the proviso as an obligation requiring her to pay 43% of the college tuition. The wife has since changed her argument. In this regard, the wife is not judicially estopped from changing her position, since her prior contention was unsuccessful (see D&L Holdings, LLC v Goldman Co., 287 AD2d 65, 71 [1st Dept 2001], lv denied 97 NY2d 611 [2002]).
On appeal, the wife maintains that the stipulation's lack of an express directive that she pay 43% of the tuition created a "gap" that the husband voluntarily assumed. The husband, for his part, seeks to apply the "extra" 43% that he paid to any arrears that remain outstanding. There is ambiguity as to whether the wife was required to pay the 43% balance of the tuition. We thus remand for further proceedings to resolve that ambiguity, including through submission of extrinsic evidence by the parties. If, after such proceedings, it is determined that the stipulation provided for the wife to pay 43% of their child's college tuition, then the husband should receive a credit, as appropriate, against any outstanding arrears or the wife's purchase of the marital home (see Gillings, 56 AD2d at 425).
The motion court providently exercised its discretion in declining to award prejudgment interest. "[T]here is no automatic entitlement to prejudgment interest, under CPLR 5001, in matrimonial litigation" (Rubin v Rubin, 1 AD3d 220, 221 [1st Dept 2003], lv denied 2 NY3d 706 [2004]). As a general rule, the determination of whether to award prejudgment interest in matrimonial actions lies within [*4]the discretion of the trial court (see O'Donnell v O'Donnell, 153 AD3d 1357, 1359 [2d Dept 2017]). We note that the parties' stipulation of settlement did not provide for prejudgment interest on any support arrears. The wife never sought to enforce the stipulation of settlement and only asserted that any arrears were due after the husband filed a motion seeking to compel her compliance with the stipulation. Moreover, the husband voluntarily paid the homeowner's insurance and property taxes for the apartment and the child's college tuition.
The wife again invokes equity principles in arguing that she should be awarded 100% of the principal mortgage reduction in the amount of $285,000. However, the stipulation of settlement does not provide that the wife would be entitled to a credit for any portion of the principal paydown of the mortgage. The parties agreed that the husband would pay the mortgage in lieu of child support, which he did. An award of any portion of the principal paydown would be contrary to the language of the stipulation and an impermissible double credit to the wife.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: August 1, 2024

Footnotes

Footnote 1: The parties' net worth statements are not included in the record.