Doan-Trang Nguyen v Dang T. Phan (2025 NY Slip Op 06969)

Doan-Trang Nguyen v Dang T. Phan

2025 NY Slip Op 06969

Decided on December 16, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 16, 2025

Before: Moulton, J.P., Kennedy, Mendez, Michael, Chan, JJ. 

Index No. 311651/17|Appeal No. 5381|Case No. 2025-00080|

[*1]Doan-Trang Nguyen, Plaintiff-Appellant,
vDang T. Phan, Defendant-Respondent.

Davidoff Hutcher & Citron, LLP, New York (Patricia Ann Grant and Nicole G. Santo of counsel), for appellant.
Chemtob Moss Forman & Beyda, LLP, New York (James D'Elicio of counsel), for respondent.

Order, Supreme Court, New York County (Michael L. Katz, J.), entered November 19, 2024, which, to the extent appealed from, denied plaintiff's cross-motion for an order allocating certain insurance proceeds to each party and for prejudgment interest in accordance with CPLR 5001, and declined to award plaintiff expert fees, unanimously affirmed, without costs.
In this postjudgment matrimonial proceeding, Supreme Court correctly determined that the parties received proceeds from an insurance claim for fire damage sustained to their apartment during their marriage, and that the final payment of those proceeds was made after plaintiff filed for divorce but approximately two years before the execution of their 2020 settlement agreement. Defendant submitted bank account statements showing deposits, some of which were made before commencement of the action, which he asserted were payments from the insurer. Defendant also submitted the insurer's general release, dated April 10, 2018, upon its final payment on the claim. Plaintiff was on notice of the insurance claim. There is nothing in the record to indicate that defendant hid the insurance payments from plaintiff or that he used the insurance proceeds to improperly calculate his renovation costs of the subject apartment.
In any event, even assuming the truth of plaintiff's assertions regarding the insurance proceeds, she had ample opportunity to confirm the status of the insurance claim before executing the 2020 settlement agreement wherein she waived the right to any further financial disclosure (see Kojovic v Goldman, 35 AD3d 65, 68-70 [1st Dept 2006], lv denied 8 NY3d 804 [2007]). Furthermore, the plain terms of the settlement agreement provide for defendant to be compensated for his capital contributions to the renovation costs of the parties' apartment upon its sale. Contrary to plaintiff's contention, there is no contractual basis to factor the insurance proceeds into this calculation as the unambiguous agreement does not mention the insurance claim or the proceeds from that claim (see B.D. v E.D., 218 AD3d 9, 14 [1st Dept 2023]).
Supreme Court providently exercised its discretion in denying plaintiff's request for prejudgment interest under CPLR 5001(a) on plaintiff's share of the net proceeds from the sale of the apartment (see Rubin v Rubin, 1 AD3d 220, 221 [1st Dept 2003], lv denied 2 NY3d 706 [2004]). Plaintiff points to no provision of the settlement agreement breached by defendant, nor does she identify any payout deadline for her share of the net proceeds. Defendant attempted to distribute plaintiff's share according to his calculations. When the parties were unable to agree on plaintiff's share, he duly moved to enforce the settlement agreement.
Finally, Supreme Court providently exercised its discretion in declining to award expert fees to plaintiff (see O'Donnell v O'Donnell, 2 AD3d 604, 605 [2d Dept 2003]). Plaintiff failed to demonstrate that an expert was necessary to oppose defendant's motion or otherwise enforce the settlement agreement with respect to distribution of the net proceeds.
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 16, 2025